ANNE M. AYLWARD & another[1] *vs.* ERNEST MCCLOSKEY
& another.[2]

Suffolk. February 3, 1992. - February 27, 1992.

Present: NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Civil,* Summary judgment. *Negligence,* One owning or control-
ling real estate, Snow and ice. *Snow and ice.*

In an action seeking recovery for personal injuries sustained by the plain-
tiff as a result of a slip and fall in the driveway leading to the defend-
ants' garage, summary judgment was correctly ordered for the defend-
ants on the ground that, as a matter of law, the defendants could not be
found to have been negligent in failing to remove a natural accumula-
tion of snow and ice from their property. [78-81]

CIVIL ACTION commenced in the Superior Court Depart-
ment on January 19, 1990.

The case was heard by *J. Harold Flannery,* J., on a mo-
tion for summary judgment.

The Supreme Judicial Court granted a request for direct
appellate review.

*Steven L. Hoffman (Laurence G. Wenglin* with him) for
the plaintiffs.

*Robert J. Doonan* for the defendants.

NOLAN, J. Anne M. Aylward (plaintiff), commenced this
action on January 19, 1990, seeking recovery for personal in-
juries which she sustained as a result of a slip and fall in the
defendants' driveway on January 24, 1987. The defendants,
Ernest and Lillian McCloskey, moved for summary judg-

---

[1]The plaintiff's husband, David F. Aylward, joins his wife's action,
asserting claims for loss of consortium and consequential damages
resulting from her injuries.

[2]Lillian McCloskey.

ment on the ground that they did not have a duty to prevent the plaintiff from slipping on a natural accumulation of snow and ice on their property. A judge in the Superior Court allowed the defendants' motion. The plaintiffs thereafter filed a timely appeal. This court granted the plaintiffs' application for direct appellate review.

We set forth the relevant, undisputed facts of this case. In January of 1987, the plaintiffs and one of their children took a trip to Canada, leaving their two year old child with the defendants (plaintiff's parents) at their home in West Roxbury. On her return from Canada, the plaintiff picked up her child at the defendants' home. At that time, the plaintiff did not retrieve the child's carriage, so she left it in the defendants' garage. The plaintiff informed the defendant Lillian McCloskey that she would retrieve the carriage the following Saturday. Lillian McCloskey told the plaintiff that she and Ernest McCloskey would not be home that day, but that she would leave the garage door open. Thereafter, the McCloskeys went away to their house on Cape Cod.

Sometime during the week prior to January 24, 1987, light snow fell in the West Roxbury area and ice formed on the McCloskeys' driveway. The McCloskeys were unaware of the weather conditions in the Boston area.

On January 24, 1987, the plaintiff went to her parents' home to pick up the carriage. She proceeded down the driveway toward the garage. On her way, the plaintiff slipped on a natural accumulation of snow and ice and broke her leg.

1. *Standard for summary judgment.* "Rule 56 of the Massachusetts Rules of Civil Procedure, 365 Mass. 824 (1974), provides that a judge shall grant a party's motion for summary judgment if (1) there is no genuine issue of material fact, and (2) the moving party is entitled to a judgment as a matter of law" (citations omitted). *Brunson* v. *Wall*, 405 Mass. 446, 448 (1989). There is no genuine issue as to any material fact in this case. Consequently, we consider only whether the judge correctly concluded that the plaintiffs' claim must fail as a matter of law. *Id.*

2. *Duty to remove natural accumulation of snow and ice.* In support of their motion for summary judgment, the defendants argued that, as a matter of law, the plaintiffs could not succeed with their action because the defendants could not be held liable for injuries caused by a natural accumulation of snow and ice on their property. More particularly, the defendants asserted that in the absence of evidence that the plaintiff's injuries were caused by an unnatural condition or defect on their property, there is no evidence of negligence by the defendants. *Athas* v. *United States*, 904 F.2d 79, 81 (1st Cir. 1990). Since the plaintiff did not claim that she fell due to a defect on the defendants' property — that is, because naturally accumulated snow and ice on property does not per se constitute a defective condition — *Gamere* v. *236 Commonwealth Ave. Condominium Ass'n*, 19 Mass. App. Ct. 359, 363 (1985), the defendants contended that summary judgment properly should enter in their favor.

The plaintiffs opposed the defendants' motion on the ground that the defendants owed a duty of reasonable care in the circumstances, which included the duty to take precautions to guard the plaintiff against the hazards created by ice and snow on their property. See *Intriligator* v. *Boston*, 18 Mass. App. Ct. 703, 705 (1984), *S.C.*, 395 Mass. 489 (1985). See also *Mounsey* v. *Ellard*, 363 Mass. 693, 707 (1973). The plaintiffs argued that whether the defendants exercised reasonable care in the circumstances of this case is a question of fact for a jury, which would preclude the awarding of summary judgment in this case.

The judge held that, as a matter of law, the defendants could not be found to have been negligent in failing to remove a natural accumulation of snow and ice from their property. *Gamere, supra* at 362. Relying primarily on the *Athas* opinion, the judge agreed with the defendants that, under Massachusetts law, landowners are liable only for injuries caused by defects existing on their property and that the law does not regard the natural accumulation of snow and ice as an actionable property defect, if it regards such weather conditions as a defect at all. *Athas, supra* at 82.

There is no error in this conclusion. Our review of the applicable law leads us to conclude that the judge properly granted summary judgment in favor of the defendants and, therefore, we affirm the judge's decision.

The plaintiffs correctly state that the duty owed by the defendants in this case was a duty of reasonable care in the circumstances. *Mounsey, supra.* The plaintiffs wrongly conclude, however, that the defendants breached this duty by failing to remove a natural accumulation of snow and ice on their property. The duty of reasonable care "does not make landowners and occupiers insurers of their property nor does it impose unreasonable maintenance burdens." *Mounsey, supra* at 709.[3] Significantly, in a case strikingly similar to the present one, *Collins* v. *Collins,* 301 Mass. 151, 152 (1938), this court stated that the simple fact that a person slips on ice on another's property does not subject the property owner to liability. Accord *Grace* v. *Jordan Marsh Co.,* 317 Mass. 632, 633 (1945); *Battista* v. *F.W. Woolworth Co.,* 317 Mass. 179, 180 (1944); *Gamere, supra.* The court in *Collins* explained that an injured person must demonstrate some evidence of negligence by the property owner in order to recover, because "[i]t is common knowledge that in this climate . . . a number of conditions might exist which within a very short time could cause the formation of ice . . . without fault of the owner and without reasonable opportunity on

---

[3]We do not suggest that an accumulation of snow and ice on one's property can never be a hazardous or defective condition which the owner or occupier has a legal responsibility to remedy. To be sure, in circumstances where some act or failure to act has changed the condition of naturally accumulated snow and ice, and the elements alone or in connection with the land become a hazard to lawful visitors, then a defect may exist, creating liability in the owner or occupier. *Phipps* v. *Aptucxet Post #5988 V.F.W. Bldg. Ass'n,* 7 Mass. App. Ct. 928, 929 (1979) (large ruts created by tire tracks and footprints frozen into ice in parking lot rendered it hazardous and unsafe for pedestrians). In such a case, a jury properly could conclude that the "circumstantial evidence and descriptions of the condition of the ice at the time of injury were sufficient to support findings of a breach of duty of care by the defendants." *Id.,* and cases cited. In the present case, there is no contention that any defect existed on the property, beyond the mere presence of naturally accumulated snow and ice.

his part to remove it or warn against it or even to ascertain its presence." *Collins, supra.*

There is no evidence in this case which would allow a jury to find that the defendants failed to exercise reasonable care in the circumstances and created a defective condition on their property. In the absence of such evidence, there is no evidence of negligence by the McCloskeys. *Battista, supra.* In the absence of evidence of negligence, it logically follows that there can be no liability to the plaintiffs. *Mounsey, supra.*

*Judgment affirmed.*