Doerfer, J.
Plaintiffs Celia and Charles Vernon (collectively as “Plaintiffs”), bring this negligence action against the defendant Mahoney’s Too (“Defendant”). This matter is before the court on defendant's motion for summary judgment, arguing there are no disputed issues of material fact and that it is entitled to judgment as a matter of law. For the reasons stated below, defendant’s motion for summary judgment is denied.
BACKGROUND
On or about December 17, 1989, Celia Vernon (“Vernon") slipped and fell in the parking lot of Mahoney’s Too, a store located in Falmouth, Massachusetts. The accident occurred after Vernon parked her car, got out and shut her door. Immediately upon closing the door, she lost her footing and fell. Vernon alleges that the parking lot was covered with snow and ice, and was not sanded or shoveled.
The day before the accident, two and a half inches of snow fell in the Falmouth area. After the snowfall, the defendant plowed the parking lot. It did not snow again before Vernon entered the lot. On the day of the accident the high temperature was 38 degrees and the low was 17. At the time Vernon fell, the temperature was below freezing.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where the party moving for summaryjudgment does not have the burden of proof at trial, this burden may be met by either submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis u. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson, supra at 17.
1. Duty of care in cases involving the natural accumulation of snow and ice
Vernon first argues that a landowner who fails to remove snow and ice which he knew or should have known caused a safety hazard to others can be found liable for negligence, even if the snow or ice has naturally accumulated. This court agrees.
It is now well settled that a landowner has a duty to maintain his or her property in a reasonably safe condition to all persons lawfully on the premises. Mounsey v. Ellard, 363 Mass. 693, 707 (1973) (a police officer slipped on a piece of ice while serving a criminal summons); Intriligator v. Boston, 18 Mass.App.Ct. 703, 705 (1984), rev’d on other grounds, 395 Mass. 489 (1985) (“[a] jury could properly infer that the city had had sufficient time to become aware of the hazardous [icy] conditions and to take reasonable precautions for the safety of travellers on the sidewalk"); Thorton v. First National Stores, Inc., 340 Mass. 227, 223-24 (1960) (in a case involving naturally accumulated snow and ice, the trial court was obligated to instruct the jury that a “plaintiff cannot recover unless . . . such snow or ice had been there long enough so [that the] defendant should in the exercise of due care have remove[d] it”) (emphasis supplied); Rosenston v. Bickford Shoes, 340 Mass. 769, 771-72 (1960) (jury properly found liability against landowner where customer slipped on ice present for "a long period of time”).
Here, Vernon contends that the defendant was well aware of the accumulation of snow and ice in the parking lot. She further alleges that the defendant had sufficient time to remove the snow and ice before patrons began entering the area. It logically follows that there is a disputed issue of material fact as to whether the defendant either knew, or reasonably should have known, that the icy conditions presented an unreasonably dangerous condition to its customers.
The defendant argues, however, that the SJC’s recent decision in Alyward v. McCloskey, 412 Mass. 77, 79 (1992), makes clear that Massachusetts landowners are not liable for injuries to others caused by the natural accumulation of snow and ice. A careful *2 look at the facts and decision in Alyward reveals, however, that the SJC made no such ruling.
In Alyward the plaintiff sued her parents for injuries she sustained after she slipped on some ice on her parents’ property. The natural accumulation of snow and ice on the property was the result of a recent snow fall in the area. Notably, the parents were out of town during both the snowfall and the accident.
In deciding against the plaintiff, the SJC recognized that the parents owed “a duty of reasonable care in the circumstances . . .” but concluded that “[t]he duty of reasonable care ‘does not make landowners and occupiers insurers of their property nor does it impose unreasonable maintenance burdens.’ ” Alyward, supra at 80 quoting Mounsey, supra at 709.[2] The court then expressly cited the established rule in Collins v. Collins, 301 Mass. 151, 152 (1938), which states that liability for injuries stemming from the natural accumulation of snow and ice are generally not actionable “without fault of the owner and without reasonable opportunity on his part to remove it or warn against it or even to ascertain its presence.” Alyward, supra at 80-81 quoting Collins, supra at 152 (emphasis supplied).
Given that the parents in Alyward were out of town during both the snowfall and accident, the plaintiffs case was doomed to fail. Moreover, had the SJC intended the Alyward decision to effectively immunize landowners from liability, even in cases where the landowner maintains actual knowledge of a dangerous condition on his or her premises, it would not have cited Collins as the basis for its decision.
Unlike the plaintiff in Alyward Vernon contends that the defendant was aware of the snow and ice on the parking lot, and had ample time to make the area safe for its customers. Accordingly, Vernon has raised a disputed issue of material fact as to whether the defendant breached its duty to maintain a reasonably safe premises, and the defendant’s motion for sum-maiy judgment is denied. See Mounsey, supra at 707.
2. Negligence resulting from a defective condition on the property
Vernon also argues there is a disputed issue of material fact as to whether she slipped on a natural accumulation of snow and ice, or whether the defendant, who had plowed the parking lot a day earlier, had created an artificial defect in the ice. Generally, “in circumstances where some act or failure to act has changed the condition of naturally accumulated snow and ice, and the elements alone or in connection with the land become a hazard to a lawful visitor, then a defect may exist, creating liability in the owner or occupier.” Alyward v. McCloskey, 412 Mass. 77, 80 n.3 (1992); Phipps v. Aptucxet Post # 5988 V.F.W. Bldg. Ass’n. 7 Mass.App.Ct. 928, 929 (1979).
Here, Vernon alleges a day and a half before her accident the defendant plowed the parking lot. Vernon further contends that the lot was frequented by many automobiles after the defendant plowed it. As a result, a fact-finder may be justified in concluding that either the snowplows, or the heavy automobile traffic, altered the natural accumulation of snow and ice so as to create an artificial defect in the parking lot (i.e. compressing the snow so as to create a thin layer of ice over the parking lot surface). See Delano v. Garrettson-Ellis Lumber Co., 361 Mass. 500, 503 (1972) (jury could infer that the clearing [snow and ice] was negligently done and the resulting condition was negligently allowed to continue for several days); Phipps, supra at 929 (large ruts created by tire tracks and footprints frozen into the ice in a parking lot created an unsafe condition for pedestrians).
The defendant responds by arguing that Vernon has failed to allege specific facts that establish her injuries were caused by something other than the natural accumulation of snow, ice or water on its property. See Kourouvacilis, supra at 809 (once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat a motion for summary judgment). This argument is, however, misplaced.
Neither party disputes that the defendant plowed the parking lot the day before the accident, and that it did not snow after the lot was plowed. In addition, there is deposition testimony indicating that after the lot was plowed, a significant amount of ice was left on the ground. Whether or not the plowing caused an unnatural accumulation of ice, and whether this condition was negligently allowed to continue is a question of fact to be determined at trial.[3] See Delano, supra at 503.
Similarly, Vernon alleges that the parking lot was very busy the morning she fell, and that the ice she fell on was “rough and bumpy." These facts create an inference that the heavy flow of traffic in the lot could have compacted or altered the existing ice so as to create an artificially dangerous condition. See Phipps, supra at 929. Significantly, it is not necessary at this stage in the proceedings that Vernon actually prove the defendant created a defect in the lot. It is enough that she has presented sufficient facts so as to create a reasonable inference that such a defect was created. See Marr Equipment Corp., v. I.T.O. Corp. of New England 14 Mass.App.Ct. 231, 235 (1982) (although vague and general allegations of expected proof are not enough to defeat a summary judgment motion, “[a] toehold, ... is enough to survive” such a motion); Dolan v. Airpark, Inc., 24 Mass.App.Ct. 714, 717 (1987). As a result, Vernon has again raised a disputed issue of material fact in this matter and the defendant’s arguments to the contrary are denied.
ORDER
It is therefore ORDERED that the defendant’s motion for summary judgment be DENIED.

 Indeed, had the SJC held for the plaintiff in Alyward, in it would have necessarily made the defendant/parents the insurers of her safety, because there was no way the parents could have been aware of the icy condition in time to remedy it. Such a situation is not present in the case at hand.

 Indeed, the snowplows may have removed a layer of snow only to expose a dangerous layer of ice.