VAN GESTEL, J.
INTRODUCTION
This matter is before the Court on the defendants’ motion for summary judgment pursuant to Mass.R.Civ.P. 56. The plaintiff, Dianne M. Smith, alleges in her complaint that on January 25, 1994, she slipped and fell on an ice patch in the defendants’ driveway. The defendants, Joseph J. Cicero and Carmella Cicero, contend that summary judgment should be granted because plaintiff slipped and fell on the sidewalk, not the driveway; and because plaintiff slipped and fell on a natural accumulation of snow or ice. For the reasons discussed below, the defendants’ motion for summary judgment is ALLOWED.
BACKGROUND
The summary judgment record, when considered in the light most favorable to the plaintiff as nonmoving party, indicates the following. On January 25, 1994, the plaintiff was a tenant in the second floor apartment of 49 Clayton Street, Malden, Massachusetts. The defendants are the owners of the property. The plaintiff is also the daughter of the defendants. On January 25, 1994, the plaintiff slipped and fell on an ice patch while walking across the driveway towards her automobile. As a result of her fall, the plaintiff suffered personal injuries. The plaintiff contends that she slipped and fell due to the negligence of the defendants in failing to maintain a safe driveway.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A parly moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the non-moving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact in order to defeat the motion. Pederson, supra at 17.
The duty owed by a property owner or one in control of property in Massachusetts to someone lawfully on the premises is one of reasonable care in the circumstances. Mounsey v. Ellard, 363 Mass. 693, 707-08 (1973). This duty is not violated by failure of a property owner to remove naturally occurring snow or ice. Aylward v. McCloskey, 412 Mass. 77, 80 (1992). In other words, naturally occurring snow or ice is not considered to be a property defect which would impose liability on a defendant. Id. at 79. See Sullivan v. Town of Brookline, 416 Mass. 825, 826 (1994) (no liability where a property owner removes a portion of snow or ice and a person is injured by slipping and falling on the remainder because what remains is considered to be a natural accumulation). Liability is only possible in circumstances where some act or failure to act has changed the condition of the naturally occurring snow or ice. Id. at 827 citing Aylward, supra at 80 n.3; see Intriligator v. Boston, 18 Mass.App.Ct. 703 (1984) (liability found where a “trampling” of the natural accumulation of snow or ice by numerous persons changed the surface of the accumulation causing it to become hard-packed and slick).
In the present case, the plaintiff testified in her deposition that she slipped and fell on an ice patch while walking across the defendants’ driveway. The defendants contend that they are entitled to summary judgment because the plaintiff fell in the area of the sidewalk, not the driveway. The defendants argue that they are under no duty to remove snow from the sidewalk area that abuts their premises. Gamere v. 236 Commonwealth Avenue Condominium Associa *541 tion, 19 Mass.App.Ct. 359 (1985). Even without resolving the issue of the characterization of the area in which the plaintiff fell, the Court notes that the plaintiff has failed to proffer any credible evidence from which a fact finder could infer that the defendants somehow altered the condition of naturally accumulated snow or ice so as to subject the defendants to liability. Sullivan, supra at 827.
The plaintiff contends that whether or not the ice patch was a result of a natural or unnatural accumulation of snow or ice is a question of fact for a jury which would preclude the awarding of summary judgment in this case. The only evidence that the plaintiff offers in support of her position, however, is a February 9, 1998 letter from one Norman J. MacDonald, a meteorologist, who writes that the ice patch that the plaintiff slipped on could not have been the result of a natural accumulation of snow or ice.[3] MacDonald states that he “investigated” the weather conditions in the "vicinity of Malden, Massachusetts” on and ten days before the date of the accident. Although MacDonald’s conclusions may be helpful in presenting a factual background of the general weather conditions in the Malden area, since he was not present at the defendants’ premises at or near the time of her fall he cannot offer any firsthand knowledge of the actual condition of any snow or ice present at 42 Clayton Street at the time of the incident.
Thus, viewing all of the evidence in the light most favorable to the plaintiff, the Court concludes that no evidence has been proffered that the plaintiff slipped on anything other than naturally occurring ice and snow or that any act or failure to act by the defendants resulted in a change in the condition of the naturally accumulated snow or ice in the driveway. “It is common knowledge that in this climate ... a number of conditions might exist which within a very short time could cause the formation of ice . . . without fault of the owner and without reasonable opportunity on his part to remove it or warn against it or even to ascertain its presence.” Aylward, supra at 80-81, citing Collins v. Collins, 301 Mass. 151, 152 (1938).
Accordingly, the Court rules that there exist no genuine issues of material fact and that the defendants are entitled to summary judgment as a matter of law.
ORDER
It is therefore ORDERED that the defendants’ motion for summary judgment be ALLOWED.

 At oral argument, counsel for the plaintiff conceded that MacDonald did not visit the site at or near the time of the incident.