Gershengorn, J.
Plaintiff, Carrie Pogue (“Ms. Pogue”), brings this action to recover for bodily injury resulting from a slip and fall on snow and ice on the sidewalk in front of a home located at 52 V2 Howard Street, Cambridge, MA., which is owned by defendant, Alan Mitchell (Mr. Mitchell). Ms. Pogue contends that Mr. Mitchell breached his duty to remove ice and snow from the sidewalk as required by Cambridge City Ordinance 12.16.110 (the “Ordinance”), thereby causing her injuries, Mr. Mitchell now moves for summary judgment, contending that he has no legal duty to keep his premises free of naturally accumulating ice and snow. Moreover, he contends that he did not breach the Ordinance, but that even if he had, such a violation does not breach a duty to Ms. Pogue. For the reasons set forth below, defendant’s motion for summary judgment is ALLOWED.
BACKGROUND
Mr. Mitchell owns the property located at 52 V2 Howard Street, Cambridge, MA. Mr. Mitchell did not reside at this property. At the time of the incident, the sidewalk in front of this property was uneven. Consequently, Mr. Mitchell had repeatedly requested that the Department of Public Works repair the sidewalk. On the evening of March 22, 1998, snow, freezing rain, drizzle, and ice pellets fell in the neighborhood where Ms. Pogue resided and where Mr. Mitchell’s property is located. This precipitation continued until approximately 8:41 P.M. From 12:18 A.M. until 7:56 A.M. on March 23, 1998, the temperature remained at or below freezing, thus allowing a solid sheet of ice to form on the sidewalk. Prior to 7:30 A.M. on March 23, 1998, Mr. Mitchell had not removed the ice and snow in front of his property.
On March 23, 1998, at approximately 7:30 A.M., Ms. Pogue was walking to work and passed in front of the property owned by Mr. Mitchell. Snow from the previous evening’s storm covered the sidewalk in front of the property. While walking in front of Mr. Mitchell’s property, Ms. Pogue slipped on the snow and ice and fell to the ground. As a result of this incident, Ms. Pogue suffered significant personal injuries.
*550 DISCUSSION
Summary judgment shall be granted when there are no genuine issues of fact and when the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that, as a result, the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
Under Massachusetts law, landowners are liable only for injuries caused by defects existing on their property, and the natural accumulation of snow and ice is not regarded as an actionable property defect. Aylward v. McCloskey, 412 Mass. 77, 79 (1992). The simple fact that a person slips on snow or ice on another person’s property does not subject the property owner to liability. Id. at 80. The plaintiff must demonstrate some evidence of negligence in order to recover because “[i]t is common knowledge that in this climate ... a number of conditions might exist which within a very short time could cause the formation of ice . . . without the fault of the owner and without reasonable opportunity on his part to remove it or warn against it or even ascertain its presence.” Id. at 80-1 quoting Collins v. Collins, 301 Mass. 151, 152 (1938).
Ms. Pogue contends that the passage of time, pedestrian traffic, and/or the defective condition of the sidewalk caused the accumulation of ice and snow to become unnatural. The evidence before this court does not support any of these allegations. First, there is no evidence to support Ms. Pogue’s allegation that pedestrian traffic created an unnatural condition. In fact, in response to questioning at her deposition, Ms. Pogue said that she knew that the snow that she fell on was new snow, but did not really pay attention to whether someone had walked on it or not (Dep. 17). Second, the precipitation ended at 8:41 P.M. on March 22 and Ms. Pogue’s incident occurred the following morning at 7:30 A.M. Ice and snow which naturally accumulates can become an unnatural accumulation due to the passage of time. Sullivan v. Brookline, 416 Mass. 825, 829 n.3 (1994). However, in this case, considering that the passage of time occurred overnight, it is not unreasonable that Mr. Mitchell, who did not reside on the property, did not have an opportunity to remove or ascertain the presence of snow or ice on his property. See Aylward supra at 80 (duty owed by defendant is a duty of reasonable care in the circumstances).
Ms. Pogue’s contention that the defective condition of the sidewalk caused the accumulation of ice and snow to become unnatural is also without merit because, under these circumstances, the law requires an act or failure to act. “In circumstances where some act or failure to act has changed the condition of naturally accumulated snow and ice, and the elements alone or in connection with the land become a hazard to lawful visitors, then a defect may exist, creating liability in the owner or occupier.” Sullivan supra at 829 quoting Aylward supra at 80 n.3. Thus, even if there was a defect in the sidewalk, liability would not attach absent some act or failure to act which would change the condition of naturally accumulated snow and ice. As discussed above, no such act or omission is present in this case,[1] and therefore defendant cannot be found liable for plaintiffs fall.
Lastly, Ms. Pogue asserts that Mr. Mitchell’s failure to remove or treat the ice on the sidewalk in front of his premises constitutes a clear violation of City of Cambridge Ordinance 12.16.110, and therefore is evidence of negligence. This statute provides in pertinent part:
A. The owner . . . shall, within twelve hours after snow ceases to fall in the daytime and before 1 P.M. after a fall of snow during the night, cause all snow that may be on such sidewalk or footway to be removed therefrom. In the event of an unusually heavy snowfall, the time limit shall be extended at the discretion of the Commissioner of Public Works.
B. The owner ... of private property bordering on a street where there is a sidewalk or footway any portion of which is encumbered by ice shall within six hours after the sidewalk or footway becomes encumbered with ice cause such sidewalk or foot-way to be made safe and convenient by removing the ice therefrom, or by keeping the same covered with sand or some other suitable substance.
Whether Mr. Mitchell violated this ordinance is immaterial. A violation of a statute or ordinance is generally some evidence of negligence as to all consequences it was intended to prevent, where its violation caused or contributed to the injury. Gamere v. 236 Commonwealth Avenue Condominium Association, 19 Mass.App.Ct. 359, 361 citing Adamian v. Three Sons, Inc., 353 Mass. 498, 499 (1968) (further citations omitted). However, ordinances that require householders to remove snow and ice from sidewalks are for the benefit of the community at large, and not for persons who fall as a result of snow or ice. Id. Thus, any obligation imposed by such an ordinance runs to the municipality and not to a member of the traveling public. Id. Accordingly, even if Mr. Mitchell did violate the Ordinance, such a violation does not create a cause of action for Ms. Pogue.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion for summary judgment be ALLOWED.

 In fact, as to the defective sidewalk, there is uncontro-verted evidence in the record to show that Mr. Mitchell repeatedly attempted to contact the Department of Public Works to have the sidewalk repaired.