Giles, J.
Background
The plaintiffs, Anthony J. Vito and John H. Johnson (“plaintiffs”), lived in a second-floor apartment in *559 Worcester, Massachusetts, building owned by the defendant, Paul Ducharme (“defendant”). At the inception of the plaintiffs’ tenancy at will on March 1, 1995, the parties had signed a lease obligating the defendant landlord to maintain the premises but indemnifying him from any liability for personal injury unless caused by his own negligence.
The plaintiffs contend that there was an ice storm in Worcester during the night of December 10, 1995, and that, the next day, ice was “covering everything.” That next day, December 11, 1995, both plaintiffs slipped on the ice- and snow-covered ramp right outside the door to their apartment.
After a bench trial, a District Court judge found in favor of the defendant. The plaintiffs removed the action to this court for a de novo trial pursuant to G.L.c. 231, sec. 102C. The defendant has moved now for summary judgment, which motion the plaintiffs oppose.
Discussion
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); M.R.Civ.P. 56(c). The moving party bears the burden of demonstrating affirmatively that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). In deciding a motion for summary judgment, the court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Community Nat’l Bank v. Dawes, supra; M.R.Civ.P. 56(c).
Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmov-ing party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of his/her/its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Under well-settled Massachusetts law, no liability is imposed upon landowners for the natural accumulation of snow and ice. Aylward v. McCloskey, 412 Mass. 77, 79 (1992); Sullivan v. Brookline, 416 Mass. 825, 827 (1994). Liability attaches “only in circumstances where some act or failure to act has changed the condition of naturally accumulated snow and ice, and the elements alone or in connection with the land become a hazard to lawful visitors.” Id. at 80 n.3.
In various pleadings, the plaintiffs alleged that the absence of a gutter over the ramp upon which they fell created an unnatural accumulation of snow and ice. At the hearing on this motion, however, plaintiffs’ counsel expressly waived any claim of an unnatural accumulation or channeling of snow and ice.[1] Rather, in opposing the motion, the plaintiffs relied solely upon the maintenance clause in the lease and a provision of the state Sanitary Code, which states that “(t]he owner [of a residential premise] shall maintain all means of egress at all times in a safe, operable condition and shall keep all exterior stairways, fire escapes, egress balconies and bridges free of snow and ice.” 105 C.M.R. 410.452. Their reliance upon the lease and the Sanitary Code is unavailing, however.
“[F]ailure to perform a contractual obligation is not a tort in the absence of a duty to act apart from the promise made. "Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 368 (1997). “Although the duty arises out of the contract and is measured by its terms, negligence in the manner of performing that duty as distinguished from mere failure to perform it, causing damages, is a tort." Abrams v. Factory Mutual Liability Insurance Co., 298 Mass. 141, 144 (1937). In other words, standing alone, a breach of contract is not also a tort. See Redgrave v. Boston Symphony Orchestra, Inc., 557 F.Sup. 230, 238 (D. Mass. 1983). Under the lease, the defendant only assumed liability for the negligent, i.e, tortious, maintenance of the building. Therefore, by admitting the absence of an unnatural accumulation of snow and ice, the plaintiffs tacitly have disclaimed any contractual liability on the part of the defendant.
Furthermore, the Sanitary Code imposes upon a landlord no greater duty than that prescribed by common law, that is, to use reasonable care in the maintenance of the premises. See Young v. Garwacki, 380 Mass. 162, 170-71 (1980). The same negligence analysis obtains. The snow and ice that accumulated naturally over the night of December, 10, 1995, did not per se constitute a defective or unsafe condition for which the defendant is liable. See Aylward v. McCloskey, supra; Gamere v. 236 Commonwealth Ave. Condominium Ass’n, 19 Mass.App.Ct. 359, 363 (1985). Thus, the defendant breached no regulatory duty to the plaintiffs.
Conclusion
For all the foregoing reasons,[2] the defendant’s motion for summary judgment is hereby ALLOWED.

 The plaintiffs have raised no argument, either in their pleadings or at oral argument, that the defendant was on notice of the slippery condition of the ramp.

 Because of this court’s findings, there is no need to reach the defendant’s additional argument as to the effect of the allegedly unrebutted evidence of the District Court decision.