Bernstein, J.
This is an action in negligence to recover for injuries sustained when the appellant fell on the sidewalk abutting file appellee’s property. After hearing and argument by both parties, the trial court granted summary judgment for the defendant On appeal, plaintiff argues that the court’s entry of summary judgment was error, inasmuch as there existed genuine issues of material feet For the following reasons, the judgment granting the motion for summary judgment is affirmed.
Summary judgment is appropriate where there are no genuine issues of material feef and when the record entitles the moving party to judgment as a matter of law. Theran v. Rokoff, 413 Mass. 590 (1992). The moving party may satisfy its burden by establishing the absence of a triable issue. Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of material fact Doe v. Liberty Mutual Ins. Co., 423 Mass. 366, 368 (1996); Wheatley v. American Tel. & Tel. Co., 418 Mass. 394, 397 (1994); Mass. R. Civ. P., Rule 56(e). If the opposing party cannot demonstrate a genuine, triable issue, summary judgment will enter against him. Davidson v. Commonwealth, 8 Mass. App. Ct. 541, 545, 551 (1979). Upon review of a motion for summary judgment the court is “obligated to search the record and independently determine whether or not a genuine issue of feet exists.” Higgins v. Baker, 309 F. Supp. 635, 639 (D.C.N.Y. 1970); see also Jimminez v. Dreis & Krump Mfg. Co., 736 F.2d 51, 53 (2d Cir. 1984). Summary judgment shall be entered only “if appropriate.” Mass. R. Civ. P., Rule 56(e).
The sum total of the evidence presented by plaintiff is that she slipped in front of the Hunnewell entrance to Children’s Hospital in Boston and sustained an injury. The entrance to the hospital is underneath a covered walkway. After she slipped, she could not see any ice, hut felt it on the ground. She noticed water dripping and claimed to have fellen on ice that formed as a result of water dripping from above.
In addition to her own testimony, plaintiff relies on that of an employee of the hospital who arrived one hour earlier and observed the area to be slippery. The employee states that the general condition was one of iciness that day, but that it was not snowing. She reported the iciness to the hospital’s environmental services department The Director of the engineering services department, responsible for the exterior of the building, has no record of any such complaint
Defendant relies on an affidavit of its expert; Charles Terizio (“Termo”), a licensed civil engineer, who concluded to a reasonable degree of engineering certainty, that file building is “well-constructed and not in violation of any industry codes[,] standards or *66 practices.” Terizio further opined that the construction of the building and the grading of the walkway and sidewalk were not defective, and that the nature of the area and the building were hot predisposed to cause an unnatural accumulation of snow and ice.
Defendant also offered the affidavit of the hospital’s engineering director stating that there were no down spouts which would have directed the flow of moisture onto the sidewalk; and that prior to the accident, there had been no moisture accumulation or formation of ice at the location of plaintiffs fall.
In order to establish negligence with respect to a slip and fall on snow or ice, the plaintiff must prove that she fell on an unnatural accumulation of snow or ice. Sullivan v. Brookline, 416 Mass. 825, 827 (1994); Aylward v. McCloskey, 412 Mass. 77, 80 (1992). “Under Massachusetts law, landowners are liable only for injuries caused by defects existing in their property....” Id. at 79. The law imposes liability where “some act or Mure to act has changed the condition of naturally accumulated snow or ice.” Id. at 80 n.3.
We conclude that plaintiff has not adequately answered the moving parly’s assertion that there was no act, or Mure to act which caused an unnatural accumulation of ice. Plaintiff stated in her deposition that she did not see the ice on the ground, but rather felt it She is unable to provide evidence as to the formation of the ice, the existence of a defective condition on the property, or any negligent changing of the sidewalk’s natural condition by the defendant In addition, while she felt water dripping on her, she was unable to define the source of the water. She Med to respond to defendant’s assertion that no drainage occurs in that area, there are no drain spouts and the side walls are built up so as to prevent runoff to the area below.
Mere speculation that the ice in question accumulated unnaturally is insufficient to establish that defendant acted or Med to act in a way that constitutes negligence. Nor has plaintiff established that any act or omission by defendant created a hazardous conditioa Plaintiff has no reasonable expectation of proving an essential element at trial, namely that there was “some evidence of negligence by the property owner;” Aylward v. McCloskey, supra, or “... where some act or Mure to act has changed the condition of naturally accumulated snow and ice, and the elements alone or in connection with the land have become a hazard to lawful visitors.” Sullivan v. Brookline, 416 Mass. 825, 827 (1994). The plaintiff did not submit any evidence to show that the building was constructed or maintained in such a way which would cause the collection and discharge of snow, ice or water on a public way, establishing negligence by the defendant. Pritchard v. Mabrey, 358 Mass. 137, 140 (1970).
While the court is reluctant to grant motions for summary judgment in negligence cases, Manning v. Nobile, 411 Mass. 382, 388 (1991), and is mindful of the duty of a motion judge not to conduct a “trial by affidavits” or other supporting materials, Henshaw v. Cabeceiras, 14 Mass. App. Ct. 225, 229 (1982), the plaintiff simply has not met her “burden of introducing enough countervailing data to demonstrate the existence of a genuine material factual issue.” Reporter’s Notes to Mass. R. Civ. P., Rule 56 (1973).
“Summary judgment is not a casual procedure. It is a proceeding that bids fair to be dispositive of the case. ...” Chiu-Kun Woo v. Moy, 17 Mass. App. Ct. 949, 950 (1983), further appellate review denied, 391 Mass. 1104 (1984). A party against whom summary judgment is sought is not entitled to a trial simply because she has asserted a cause of action as to which breach of cause of action is a material element The party must respond and allege specific facts establishing the existence of material feet in order to obtain a trial. See Doe v. Liberty Mut. Ins. Co., supra.
Accordingly, the judgment allowing the defendants motion for summary judgment is affirmed.