Haggerty, J.
The plaintiff, Bruce A. Ganley (“the plaintiff’), brought this negligence action against the defendants, Vincent and Delores Percuoco (“the Percuocos”), Norfolk-Dedham Mutual Insurance Co., and Philip Bistany D/B/A Bistany Adjustment Services, alleging they failed to maintain the premises in a reasonably safe condition and to warn the plaintiff of an allegédly defective condition that existed on their property. The defendants move for summary judgment. For the following reasons, the defendants’ motion for summary judgment is ALLOWED.
BACKGROUND
The following are the undisputed facts. On September 2, 1997, Bruce A. Ganley (“the Plaintiff’), a Fred’s General Contracting employee, was working at the Percuocos’ house, at 13 Grace Road, Woburn, Massachusetts. The Percuocos had hired the plaintiff and his employer, Fred Brinklow (“Brinklow”), to install a bay window in their house. After the window had been installed, Mrs. Percuoco asked the plaintiff and Brinklow to “take a look at” a beehive attached to the house. Brinklow asked the plaintiff if he would look at it. Since the plaintiff had looked at beehives in the past he felt comfortable doing the job and was aware of the risks involved.
The plaintiff, who was already on a ladder, decided to climb onto the roof rather than go to the driveway to look at the beehive. The plaintiff first looked near the chimney because that is where he expected the beehive to be located. When it was not there, he walked toward the peak of the roof and then three or four feet down the backside of the roof. When he looked over the edge of the roof again, he saw a sixteen- to twenty-inch-long, egg shaped beehive attached to a spotlight on the side of the house. The bees started to exit the beehive and swarmed the plaintiff. He was stung one or two times in the arm and in the back. He started to run down the backside of the roof to get away from the bees and, finally, he ran off the roof. He landed approximately ten feet from the back of the house on a concrete patio. As a result, the plaintiff suffered severe injuries and has incurred substantial medical expenses.
DISCUSSION
The court grants summary judgment, pursuant to Mass.R.Civ.P. 56, where there are no genuine issues of material fact, and if viewing the entire record in the light most favorable to the non-moving party, the moving party demonstrates it is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). The moving party has the burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Parent v. Stone & Webster Engine Corp., 408 Mass. 108, 112 (1990). This court considers the pleadings, affidavits, answers to interrogatories, depositions, and exhibits submitted in arriving at its conclusion on this motion. Mass.R.Civ.P. 56(c).
A landowner owes a person on his property a duty of reasonable care under the circumstances. Aylward v. McCloskey, 412 Mass. 77, 80 (1992), citing Mounsey v. Ellard, 363 Mass. 693, 707-08 (1973). A landowner, however, does not have to provide his visitors with maximum safety; he only needs to ensure that any person who “exercises such minimum care as the circumstances reasonably indicate” will be safe. O’Sullivan v. Shaw, 431 Mass. 201, 204 (2000) (citations omitted).
In this case, the defendants are relieved of this duty of care for several reasons. First, defendants did not owe the plaintiff a duty of reasonable care because the danger presented to the plaintiff was one that he had been hired to cure. See Callahan v. Boston Edison, 24 Mass.App.Ct. 950, 953 (1987). An employee who is injured by a condition that he was hired to correct cannot recover for those injuries from the premises owner. Id. Here, the plaintiff was hired to look at the beehive, which he knew could be dangerous. He was aware of the risks presented by the beehive. Thus, the defendants did not owe the plaintiff any duty of care.
Second, the defendants did not owe the plaintiff a duty of reasonable care because the beehive was also an open and obvious danger. See O’Sullivan v. Shaw, 431 Mass. at 204. Landowners are not required to warn of open and obvious dangers “because it is not *261 reasonably foreseeable that a visitor exercising . . . reasonable care for his own safety would suffer injury from such blatant hazards.” Barnett v. City of Lynn. 433 Mass. 662, 666 (2001) (holding that sledding down snow covered stairs that led to a road was an open and obvious danger), quoting O’Sullivan v. Shaw, 431 Mass. at 204.
In the case at bar, the beehive was an open and obvious danger. It is unavailing that when the plaintiff decided to go near the beehive he thought it was smaller than it actually was. Whether the beehive was small or large, it posed the same obvious danger to the plaintiff, who, according to his own testimony, was well acquainted with possible dangers of removing a beehive. The beehive was an open and obvious danger that any reasonable person should have recognized. Thus, the defendants did not owe the plaintiff any duty of care.
Finally, the defendants did not owe the plaintiff a duty of reasonable care because the beehive was a natural condition. The law only imposes on landowners a duty of reasonable care to protect against unnatural conditions on their land. See Aylward, 412 Mass. at 79 (holding that natural accumulation of snow was not an unnatural condition for which defendants could be held liable). Here, the beehive was similarly a natural condition. Contrary to the plaintiffs argument that the beehive was an unnatural condition on the premises because it had attached to a light fixture that the defendants had put on their house, beehives commonly occur in yards and on houses. Just as the defendant in McCloskey did not do anything to create the accumulation of snow, the Percuocos did not do anything to create the beehive. Thus, as a naturally occurring condition, the defendants cannot be held liable for it. Accordingly, this court grants the defendants’ motion for summary judgment.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion for summary judgment be ALLOWED.