Brassard, J.
INTRODUCTION
Charles D. King, III (“King”) brings this action seeking damages for personal injuries sustained when he slipped and fell on an inclined ramp located on premises controlled by Edward Cantillon, III (“Mr. Cantillon”) and Jean Cantillon-Olander (“Mrs. Cantillon”), and serviced by Robert LaPointe (“LaPointe”). The plaintiff claims that the Cantillons negligently allowed water to seep through a protective awning thereby causing a layer of ice to accumulate on the surface of the ramp and subsequently failed to exercise reasonable care in allowing the ice to remain. The plaintiff also claims that due to LaPointe’s failure to exercise reasonable care in clearing the premises and walkways, the ice was allowed to remain on the ramp. Pursuant to Mass.R.Civ.P. 56(c), the defendants now move for summary judgment. For the reasons set forth below, the motions for summary judgment on behalf of the Cantillons and LaPointe are allowed.
BACKGROUND
The following is an account of the material undisputed facts viewed in a light most favorable to the plaintiff. On the morning of December 20, 2000, the plaintiff sustained injuries when he slipped and fell on a patch of ice located on a ramp at the rear of the Cantillon funeral home. At the time of the injury, the plaintiff was employed as a pallbearer at the Cantillon funeral home and was in the process of transporting flower arrangements from the funeral home to a procession vehicle.
The ramp on which King fell was covered with a canopy or awning that included sides extending from the roof of the canopy all the way down to the ramp. According to King’s deposition testimony, prior to taking the initial step onto the ramp, he observed the ramp and saw no ice, snow, salt or artificial substance of any kind. Moreover, King stated that he observed no water dripping from the top of the canopy onto the ramp and that the ramp appeared to be dry. Although King stated that his fall was not a product of him tripping over anything, he does attribute his fall to a patch of ice on the ramp. While it had snowed sometime prior to the incident, the plaintiff has no knowledge that the Cantillons were ever informed by anyone that snow, ice or some other substance existed on the ramp prior to the incident.
In October of 1999, Mr. Cantillon contracted with LaPointe to handle the duties of snow plowing the grounds of the funeral home. The scope of LaPointe’s duties included plowing the driveway and parking lot and shoveling the sidewalk in front of the funeral home.
DISCUSSION
This court will grant summary judgment when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Mass.R.Civ.P. 56(c); Allstate Ins. Co. v. Bearce, 412 Mass 442, 446, 589 N.E.2d 377 (1992). The burden of proving the absence of a genuine issue of material fact and of entitlement to a judgment as a matter of law rests solely with the moving party. Pederson v. Time, Inc., 404 Mass. 14, 16-17, 532 N.E.2d 1211 (1989). In carrying this burden, the moving party is not required to present affirmative evidence disproving an essential element of the plaintiffs case, but rather may use the plaintiffs testimony and undisputed facts to illustrate the improbability of the requisite proof of an element. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716, 575 N.E.2d 734 (1991). Although facts are viewed in a light most favorable to the plaintiff, the plaintiff is prohibited from relying on speculative and conjectural statements in attempting to defeat the motion for summary judgment. LaLonde v. Eissneer, 405 Mass. 207, 209, 539 N.E.2d 538 (1989).
Although the traditional duty owed by a property owner to an individual lawfully on the owner’s premises is one of reasonable care under the circumstances, there is no duty on the part of the owner to remove a natural accumulation of snow or ice. Sullivan v. Town of Brookline, 416 Mass. 825, 826, 626 N.E.2d 870 (1994); Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 367, 676 N.E.2d 821 (1997), and cases cited. Succinctly stated, “landowners are liable only for injuries caused by defects existing on their property and . . . the law does not regard the natural accumulation of snow and ice as an actionable property defect, if it regards such weather conditions *37 as a defect at all.” Aylward v. McCloskey, 412 Mass. 77, 79, 587 N.E.2d 228 (1992). It is not the case that an accumulation of snow or ice can never be the basis of liability, but rather a defect may exist “where some act or failure to act has changed the condition of naturally accumulated snow and ice, and the elements alone or in connection with the land become a hazard to lawful visitors.” Id. at 80 (emphasis added).
The Cantillons argue that they are entitled to summary judgment because there is no convincing, admissible evidence showing that a patch of ice ever existed on the ramp. Notwithstanding the lack of evidence of the existence of ice, the Cantillons claim that any accumulation that may have been present was a natural accumulation, thereby entitling them to a judgment as a matter of law. The plaintiffs rebuttal consists of highlighting, in his answers to interrogatories, his assertions that he slipped on a patch of ice. Nonetheless, even if ice had existed on the ramp, thereby causing King to fall, the plaintiff has failed to present any evidence that the ice was an unnatural accumulation. Therefore, liability cannot be found as a matter of law.
LaPointe urges that he is entitled to summary judgment because the plaintiff has failed to present any evidence showing that LaPointe was responsible for shoveling the ramp. Furthermore, LaPointe argues that, even if he was responsible for shoveling the ramp, the plaintiff has failed to present any evidence indicating that he was negligent or that his actions created the ice in question.
1.Although the plaintiff alleges that the ice was formed through the freezing of water that had permeated the canopy, he has not presented any evidence supporting this theory. Furthermore, the plaintiff himself stated at his deposition that he observed no leaks in the canopy, and most importantly, that he saw no snow, ice, or wetness on the concrete ramp at anytime. The plaintiffs only references to the existence of ice appear in his generalized accounts of the incident and his remarks to the individuals who came to his aid. Specifically, when King was questioned as to what caused his fall he replied, “I slipped on ice.” The record is barren of any other questions prompting the plaintiff to give more specific, pertinent details surrounding the formation of the ice or his fall. While the facts are to be viewed in a light most favorable to the plaintiff, the plaintiff in opposing summary judgment cannot rest on mere assertions ungrounded by any facts in the record. LaLonde v. Eissner, supra at 209. Therefore, while it is permissible to infer that King did indeed slip on a patch of ice, without any testimony or evidence as to the condition of the awning, it is simply speculation to conclude that the ice was formed through a defect in the canopy. The plaintiff has not offered any factual support for his assertion that the ice was created through a defect in the awning, nor has he offered evidence regarding the Cantillons’ knowledge of such ice.
2. Even if ice had actually existed on the ramp and was the cause of King’s fall, the Cantillons would still be entitled to summary judgment as a matter of law. In attempting to establish liability for injuries caused by a slip and fall on snow or ice it is crucial for the plaintiff to establish that the defendant created the unnatural accumulation of ice or snow. Sullivan v. Brookline, 416 Mass. 825, 626 N.E.2d 870 (1994). In Sullivan, though the plaintiff had presented evidence that the defendant’s employees had shoveled the walkway, leaving it in an icy condition, he failed to illustrate how the defendant’s actions created the ice. 416 Mass. at 828. Similarly, King has failed to present any evidence indicating how the awning created the patch of ice. Without more, the Contillons cannot be held liable for King’s injuries.
3. Any buildup of ice, whether it was caused by water dripping onto the ramp or from ice blowing into the area, remains a natural accumulation. Though the term “natural accumulation” is commonly associated with accumulations formed by direct precipitation, it appears that accumulations of ice formed through the process of melting and refreezing is just as natural. As the Supreme Judicial Court has stated, “[a] landowner cannot be liable if he shovels snow from the sidewalk in front of his premises . . . and it melts and runs over the walk and thereafter ice is formed.” Mahoney v. Perrault, 275 Mass. 251, 253, 175 N.E. 467. Similarly, the Cantillons cannot be liable because their preemptive action in erecting an awning may have caused the snow that it supported to melt, accumulate on the concrete, and form a patch of ice. The ice that may have been formed on the ramp was purely a function of the weather and there is no evidence offered by the plaintiff to the contrary. Since any ice that may have been formed on the ramp was a natural accumulation, the situation is governed by the Aylward decision and no liability can be found, because “naturally accumulated snow and ice on property does not per se constitute a defective condition.” Alyward v. McCloskey, supra at 79.
4. Although the plaintiff contends that LaPointe is liable because he allowed a dangerous and defective condition to remain on the ramp, the plaintiff has not presented any evidence to show that LaPointe breached any duty of care he may have owed to the plaintiff. Besides Mr. Cantillon’s affidavit specifically stating that LaPointe was responsible only for clearing the parking lot and front entrance, the plaintiff himself stated at his deposition that he had never seen LaPointe shovel the ramp. Furthermore, the evidence does not indicate that on the day of King’s fall the ramp was in any need of shoveling or attention.
For the foregoing reasons, motion of defendants Edward Cantillon, III and Jean Cantillon-Olander for summary judgment and motion of defendant Robert LaPointe for summary judgment are ALLOWED.