Kern, J.
BACKGROUND
The following facts are either undisputed or are taken in the light most favorable to the P plaintiff. On January 30, 1998, the plaintiff. Rita Wahle (“Wahle”) and members of her family went to Arturo’s Restaurant, Inc., d/b/a Jefferson House (“Jefferson House”) for dinner. While attempting to exit her daughter’s vehicle, Wahle fell on ice in the Jefferson House parking lot.
In this action, Wahle seeks damages for injuries she received when she fell. The matter is now before the Court on Jefferson House’s Motion for Summary Judgment. For the following reasons, the motion is DENIED.
DISCUSSION
“The simple fact that a person slips on ice on another’s property does not subject the property owner to liability . . . An injured person must demonstrate some evidence of negligence by the property owner in order to recover.” Aylward v. McCloskey, 412 Mass. 77, 80 (1992). The defendant does not owe a duty to prevent the plaintiff from slipping on a natural accumulation of snow and ice on its property. Id. at 78. Ice or snow which is rutted by pedestrian traffic, tire tracks, or other occurrence, however, is no longer a natural accumulation. See Delano v. Garrettson-Ellis Lumber Co., 361 Mass. 500 (1972); Phipps v. Aptucxet *108 Post #5988 V.F.W. Building Assoc., Inc., 7 Mass.App.Ct. 846 (1979).
In her deposition testimony, Wahle describes the condition of the ice in two different ways. In one response, she describes the ice as “thick” and “shiny.” In another response, she describes it as “rutted” and “thick.” Further, when asked if the ice was smooth, Wahle answered “No.” Thus, viewing the evidence in the light most favorable to the plaintiff, a genuine issue of material fact exists with regard to the condition of the parking lot at the time of Wahle’s injury.
Even if there was an unnatural accumulation of ice which created a dangerous condition, Jefferson House would not be liable for Wahle’s injuries unless it knew or should have known of the dangerous condition of the parking lot. See Barry v. Beverly Enterprises-Massachusetts, Inc., 418 Mass. 590 (1994); Deagle v. Great Atlantic & Pacific Tea Co., 343 Mass. 263 (1961); Phipps v. Aptuexet Post #5988 V.F.W. Building Association, Inc., 7 Mass.App.Ct. 928 (1979).
In Phipps, the plaintiff fell while attending a dance sponsored by the defendant and sustained injuries due to the dangerous condition of the defendant’s parking lot. The parking lot was slippery and rutted with footprints and automobile tracks that had been frozen. As in the present matter, there was no evidence of sand or other material on the surface of the ice. The routine attendance at the dances averaged 140 people and it could be inferred that the parking lot would be traversed by pedestrians walking to and from their cars. There, the Court concluded that the defendant, “in the exercise of reasonable care, knew or should have known of the hazardous condition of its parking lot and should have taken reasonable precautions for the safety of its visitors.” Id. at 929.
In this case, the owner of Jefferson House claims he never observed a defective condition in the parking lot. It remains a question of fact, however, whether the defendant should have known of the alleged dangerous condition. It could be inferred that the Jefferson House parking lot would be traversed by patrons of the restaurant, that a hazardous condition may have existed, and that the defendant should have known of that condition. That too is a genuine issue of material fact.
ORDER
For the foregoing reasons, defendant’s Motion for Summary Judgment is DENIED.