Tucker, Richard T., J.
INTRODUCTION
This action arises from the accidental death of Rita Plante. Ernest Plante, as administrator of her estate, along with Scott Plante and Timothy Plante (collectively “the plaintiffs”), bring tort claims against the town of Blackstone (“the town”) and other defendants based primarily on their failure to adequately remove snow from public sidewalks, which the plaintiffs allege caused the death of Rita Plante. Before the court is the town’s Motion to Dismiss Plaintiffs’ Amended Complaint under Rule 12(b)(6) and for the Entry of Separate and Final Judgment under Rule 54(b). For the reasons that follow, the town’s Motion to Dismiss will be DENIED.
BACKGROUND
The following facts are taken from the Amended Complaint and treated as true for the purposes of the Motion to Dismiss only. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).
On December 18,2007, at approximately 5:30 P.M., Rita Plante was walking on Blackstone Street in the direction of her home. There had been several heavy snowstorms in the preceding weeks. Those storms led to the accumulation of large snow banks on the sidewalk of Blackstone Street.
The town was responsible for snow removal on public ways. However, it had not removed any snow from the Blackstone Street sidewalk. Consequently, Rita Plante needed to walk in the street on her way home. As she was walking in the street, she was struck by two cars.
Within minutes of the accident, Ernest, Timothy, and Scott Plante arrived at the scene of the accident and witnessed Rita Plante suffering from critical injuries. Ernest and Timothy “were so emotionally distraught that they had to be physically restrained.” Rita Plante eventually died as a result of her injuries. Ernest, Timothy, and Scott Plante each claim to have “suffered emotional distress and physical harm” as a result of witnessing Rita Plante’s injuries.
DISCUSSION
1. Standard. “While a complaint attacked by a motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his ‘entitle(ment) to relief requires more than labels and conclusions. Factual allegations must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true.” Iannacchino, 451 Mass. at 636, quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).
2. Immunity. The town argues, at length, that it is immune from tort liability under the discretionary function exemption in the Massachusetts Tort Claims Act. The exemption provides immuniiy from “any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . .” G.L.c. 258, §10(b). Determining whether § 10(b) bars a tort claim involves a two-step analysis. See Greenwood v. Easton, 444 Mass. 467, 469-70 (2005). “The first step in deciding whether the discretionary function exception forecloses a plaintiffs claim is to determine whether the governmental actor had any discretion to do or not to do what the plaintiff claims caused [the] harm.” Id. at 469.
The town maintains that there is “no statute, regulation, or agency practice on the salting, sanding, and plowing of roadways.” Ku v. Framingham, 62 Mass.App.Ct. 271, 276 (2004). See also Barnett v. Lynn, 433 Mass. 662, 663-64 (2001); Desjardins v. Commonwealth, Memorandum and Order Pursuant to Rule 1:28, 57 Mass.App.Ct. 1104, 2003 WL 124530 *2. Thus, according to the town, its freedom to exercise discretion, unfettered by any statute, regulation, policy, or practice, means that the first step in the § 10(b) discretionary function analysis is satisfied.
While the town may have shown that no state statute or regulation governs the manner in which it *148 clears snow from roadways, It has not shown that no municipal policy or practice forecloses its discretion. Indeed, resolving all reasonable inferences in favor of the plaintiffs and limiting review to the four corners of the Amended Complaint, the town cannot make such a showing at this point. For this reason, the cases on which the town relies were resolved, at the earliest, on summary judgment. E.g., Barnett v. Lynn, 433 Mass. at 663; Ku, 62 Mass.App.Ct. at 272; Desjardins, 2003 WL 124530 at * 1. See also Harry Stoller & Co. v. Lowell, 412 Mass. 139, 140(1992) (judgmentnotwithstanding the verdict); Alake v. Boston, 40 Mass.App.Ct. 610, 611 (1996) (summary judgment).
The court acknowledges the town’s position that questions of immunity should be resolved as soon as possible. See Brum v. Dartmouth, 428 Mass. 684, 688 (1999). Nevertheless, the plaintiffs are entitled to conduct discovery, at least as to whether any municipal policy or practice constrained the government’s discretion in removing snow from town sidewalks.
3. Natural accumulation. The town argues that the snow banks were the product of a natural accumulation of snow that cannot give rise to liability under Massachusetts law. See Aylward v. McCloskey, 412 Mass. 77, 79-80 (1992). Here again, where the court’s review is limited to the four corners of the Amended Complaint and the facts are viewed in the light most favorable to the plaintiffs, the court cannot conclude that the snow banks arose from a natural accumulation of snow. Snow plows removing snow from the road and pushing it onto the sidewalks, or other human activity, may have contributed to the formation of the snow banks. Such circumstances may render the snow banks an unnatural accumulation of snow. See Phipps v. Aptucxet Post #5988 V.F.W. Bldg. Ass’n, Inc., 7 Mass.App.Ct. 928, 929 (1979) (ruts in ice caused by footprints and tire treads).
4. Technical defects in the Amended Complaint. The essential elements of a claim for negligent infliction of emotional distress are “(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case.” Conley v. Romeri, 60 Mass.App.Ct. 799, 801 (2004), quoting Payton v. Abbott Labs, 386 Mass. 540, 557 (1982).
Here, the plaintiffs have alleged only “emotional distress and physical harm.” While the plaintiffs allege physical harm, they include no allegation concerning how that harm has manifested by objective symptom-atology. Particularly where “labels and conclusions” are no longer an acceptable foundation for a complaint attacked by a motion to dismiss, Iannacchino, 451 Mass, at 636, a “threadbare recitalf] of the elements of a cause of action, supported by mere conclusoiy statements, [does] not suffice.” Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (applying cognate federal rule).
Thus, the claims for negligent infliction of emotional distress are subject to dismissal based on technical deficiencies in the Amended Complaint. Nevertheless, this court will allow the plaintiffs leave to re-plead those counts to include specific allegations concerning their objective symptomatology, in a manner that comports with Iannacchino.
ORDER
For the foregoing reasons, the town’s Motion to Dismiss is DENIED.