Cowin, J.
Plaintiff Franceline Hayes (“Hayes”) commenced this negligence action against defendant Wendy’s International, Inc. and defendant Wendy’s Old Fashioned Hamburgers (hereinafter collectively referred to as “Wendy’s”). Wendy’s has moved for summary judgment and Hayes opposes the motion. For the reasons discussed below, summary judgment is granted in favor of the defendants.
BACKGROUND
The record in this case includes the following undisputed facts. On January 28, 1991, at approximately 1:00 p.m., Hayes slipped and fell on an icy sidewalk at the Wendy’s restaurant located in Ayer, *372 Massachusetts. On the day of the incident, there was freezing rain. The restaurant manager had instructed an employee to apply ice melt to the sidewalk at approximately 9:45 a.m.[2]
At her deposition, Hayes testified that the sidewalk appeared clear of snow and ice. She stated that she did not see any salt or sand where she fell.[3] Hayes also stated that she did not notice any ruts or defects in the sidewalk.
DISCUSSION
Summary judgment shall be granted if there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). Where there are no factual disputes, the Court need only consider whether the plaintiffs claim must fail as a matter of law. Aylward v. McCloskey, 412 Mass. 77, 78 (1992). In the instant case, the determinative issue is whether Wendy’s had a duty to remove or remedy the icy condition on the sidewalk.
The duty owed by a property owner to someone lawfully on his premises is one of “reasonable care in the circumstances.” Sullivan v. Brookline, 416 Mass. 825, 827 (1994). That “duty is not violated by a failure to remove a natural accumulation of snow or ice.” Id. A property owner is only liable “in circumstances where some act or failure to act has changed the condition of naturally accumulated snow and ice, and the elements alone or in connection with the land become a hazard.” Id., quoting Aylward v. McCloskey, 412 Mass. 77, 80 n.3 (1992). Liability does not attach “when a property owner removes a portion of an accumulation of snow or ice and a person is injured by slipping and falling on the remainder because the snow or ice remains as a natural accumulation.” Id. at 828.
The plaintiff does not contend that any property defect caused the formation of an unnatural accumulation of ice. In fact, she concedes that the sidewalk was clear of any visible defects. Rather, Hayes argues that this case should be viewed as within the narrow category of cases which involve “snow and ice conditions which could be found to have become unnatural due to the passage of time.” Sullivan, supra at 829, n.3. See also Thornton v. First Nat’l Stores, Inc., 340 Mass. 222, 224 (1960) (ice one and a half to two and a half inches thick “frozen solid to the step”).
As a matter of law, the circumstances surrounding this incident do not present such a case. It is undisputed that freezing rain was falling on the morning of the accident. It is also undisputed that the ice on the sidewalk was so thin that it could not be seen. To require a property owner to remove ice within a few hours, under conditions of freezing rain when ice can form instantaneously, would establish an unreasonable standard of perfection. “The duty of reasonable care does not make landowners . . . insurers of their property nor does it impose unreasonable maintenance burdens.” Aylward v. McCloskey, 412 Mass. 77, 80 (1992), quoting Mounsey v. Ellard, 363 Mass. 693, 709 (1973).
Furthermore, as a matter of public policy, the law should not subject a property owner to liability for attempting, albeit unsuccessfully, to correct an icy condition. See Goldman v. U.S., 790 F.2d 181 (1st Cir. 1986) (penalizing a landowner for doing a better job of clearing snow than the law requires would send a signal that he should do less than a good job in order to keep travelers alert to the danger).
As a matter of law, Hayes’ claim must fail because Wendy’s had no duty to remove a natural accumulation of ice. Therefore, summary judgment is granted in favor of the defendants.[4]
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Wendy’s International, Inc. and defendant Wendy’s Old Fashioned Hamburgers’ motion for summary judgment be ALLOWED.

The restaurant manager testified at his deposition that it was standard procedure to apply more ice melt as needed throughout the day. However, he has no memory or records of any further applications made on this date.

The restaurant manager stated that he saw white ice melt granules on the sidewalk after the accident. However, for the purposes of summary judgment only, the Court accepts the plaintiffs statement regarding the sidewalk conditions as true.

There is no evidence in the record that Wendy’s did anything that made the natural conditions worse, a situation which would of course affect the result herein.