Whitehead, J.
Plaintiff Elaine Freeman (“Freeman”) filed this negligence action against her temporary employer, Digital Equipment Corporation (“Digital”), to recover for personal injuries she sustained on December 5, 1991, after slipping and falling on an allegedly unnatural accumulation of snow and ice on Digital’s property. Digital seeks summary judgment pursuant to Mass.R.Civ.P. 56(c).
As a property owner, Digital owed Freeman a duty of reasonable care. Mounsey v. Ellard, 363 Mass. 693, 707-08 (1973). This duty is not violated by a failure to remove a natural accumulation of snow and ice. Sullivan v. Brookline, 416 Mass. 825, 827 (1994). Landowners are liable only for defects existing on their property; a natural accumulation of snow and ice is not a property defect. Sullivan, supra at 827; Aylward v. McCloskey, 412 Mass. 77, 79 (1992). Liability for snow and ice is possible only “in circumstances where some act or failure to act has changed the condition of naturally accumulated snow and ice, and the elements alone or in connection with the land become a hazard to lawful visitors .. "Aylward, supraat 80 n.3. (Citation omitted.)
In this case, Freeman bears the burden of producing enough evidence from which a jury would be warranted in finding that she slipped on an unnatural accumulation of snow and ice. The undisputed evidence establishes only that somebody had removed the top layer of snow from the pathway in question, but had left a 2-3 foot oval patch of ice underneath the snow without sanding or salting it. The record is devoid of any evidence tending to indicate that this patch of ice was an unnatural accumulation. Because Freeman has failed to meet her burden of proof, her claim must fail.
Based upon the deposition testimony of a Digital employee, Freeman argues that Digital took on a higher duty of care than that ordinarily required by law, because Digital employees always attempted to remove all of the snow and ice from the pathways. In support of that argument, she relies upon Davis v. Allard, 37 Mass.App.Ct. 508, rev. granted, 419 Mass. 1102 (1994), but that reliance is misplaced. In Davis, the defendant voluntarily undertook the task of overseeing a pedestrian crossing, and was held liable for its negligent performance of that task. The Court’s ruling was based not on the premise that the voluntary assumption of a task exposes one to a higher duty of care than would otherwise be the case but rather that the voluntary nature of the task does not excuse one from the duty of care which would ordinarily be required under the circumstances.
As already noted, the record is lacking in evidence that Digital failed to comply with the duly of care ordinarily required in snow and ice situations.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Digital Equipment Corporation’s Motion for Summary Judgment be ALLOWED.