Welch, J.
The defendants motion for summary judgment presents an issue which occurs with increasing frequency, namely whether a patch of ice constitutes a natural or unnatural accumulation of snow or ice.
The essential facts of the case, taken in the light most favorable to the plaintiff, are as follows. February 26, 1994 was cold day. The temperature in Middleton, Massachusetts ranged in an area of a low of ten degrees to a high of tweniy-six degrees. From approximately 5:00 a.m. until noon of that day approximately 2.2 inches of snow fell. No further snow or precipitation followed.
The accident took place in a parking lot of Daily’s Restaurant which is located on Route 114 in Middleton, Massachusetts. Sometime in the afternoon, the defendants arranged for the parking lot at the restaurant to be plowed. That evening, the plaintiff Jennifer Wood was going into Daily’s Restaurant to eat dinner with friends. As she was walking towards the back door of the restaurant, through the parking lot, she fell and injured herself. The plaintiff claims that her fall was caused by a patch of ice in the parking lot which looked like a collection of very hard packed snow with slippery ice. She also described this patch of ice as appearing as though it had been there for a period of time since it had little indentations and tire tracks. A friend who was with the plaintiff, a Ms. Kerry Preytis described the location of the fall as containing a patch of ice with a rough surface. It was approximately one to two inches thick and a few feet around. It had appeared that it had been there a while and looked worn down and rough from cars passing over it. The icy patch was not sanded.
Discussion
Since the case of Sullivan v. Brookline 416 Mass. 825 (1994), it is clear that a land owner is not liable for injuries suffered in a slip and fall on snow or ice which naturally accumulates on the property. This includes a situation where the property owner removes a portion of an accumulation of snow or ice and a person is injured by slipping and falling on the remainder because the snow or ice remains a natural accumulation. Relying upon the Sullivan holding, the defendant forcibly argues that the defendants here merely plowed the parking lot of snow and may have exposed a patch of naturally accumulated ice.
In a vigorous effort to avoid the Sullivan holding, the plaintiff claims that the patch of ice that she slipped on was an unnatural accumulation of ice because it had been left in the parking lot for an unknown, but considerable, period of time and been subjected to various forces which rendered it no longer in its natural state. Thus, the plaintiff relies upon cases such as Delano v. Garrettson-Ellis Lumber Co., 361 Mass. 500, 501 (1972) (muddy ice with tire marks and ruts three and four inches deep, covered and obscured by about half of inch of powdery snow); Thornton v. First National Stores, Inc., 340 Mass. 222, 224 (1960) (ice described as about an inch and a half to two and a half inches thick frozen solid to the step); Phipps v. Aptucxet Post #5988 VFW Building Association, Inc., 7 Mass.App. 928, 929 (1979) (footsteps . . . and ruts like automobile tire tracks that had been frozen). These last three case are continuing exceptions to the Sullivan rule. See Sullivan, note 2. Therefore, if ice or snow had been left in an area like a parking lot for some period of time and had been subject to some iype of force (such as melting, refreezing, re-formulation by machinery, etc.) which changes the form or nature of the natural accumulation, then an unnatural accumulation occurs and liability may attach.
The problem with the present case is that the condition of the ice on the Dailey parking lot was not as altered as the condition of the ice presented in such cases as Delano and Phipps. In those cases there existed actual ruts some inches deep. Here, the plaintiff merely claims slight indentations and tire tracks. Slight tire tracks alone, it seems, would not as a matter of law render ice or snow to be in an unnatural state. After all, in this mechanized world, it is difficult to conceive of a land owner plowing off an accumulation of snow and leaving an underlying layer of naturally accumulated ice or snow without some slight tire tracks on that natural remaining accumulation. If one was to hold that slight tire tracks raised a sufficient issue of fact for a jury to decide such a slip and fall case, then the Sullivan holding would be significantly undermined. Such a result also would prejudice a property owner who attempts to correct a snowy or icy condition by subjecting that property owner to liability (while the property owner who watches his property fill up with snow is free from liability). See Goldman v. U.S., 790 F.2d 181 (1st. Cir. 1986) (penalizing a landowner for doing a better job of clearing snow then the law requires would send a signal that he should do less than a good job in order to keep travelers alert to the danger).
*266 Nevertheless, the plaintiff in the peculiar circumstances of this case just barely avoids summary judgment given the affidavit of Kerry Preytis. In that affidavit it is claimed that the patch of ice contained a rough surface and looked “worn down and rough from cars passing over it.” At this stage of the case, the court must accept this affidavit as true and provide the plaintiff any reasonable inferences that can be derived from these statements. If the surface of the ice was rough and appeared in such of state because of a number of cars passing over it, then this case does begin to resemble the cases of Delano and Phipps. At least, the plaintiff raises a genuine issue of material fact as to whether this patch of ice was in a natural or unnatural state. Therefore, the plaintiff avoids the legal guillotine set up by the Sullivan case because of this genuine issue of material fact.
ORDER
For the foregoing reasons, the defendants motion for summary judgment must be DENIED.