Merrick, P.J.
This is a Dist/Mun. Cts. RAD. A, Rule 8C, appeal by the plaintiff of the trial courts entry of summary judgment against her on her claim for personal injuries arising out of a fall in the defendants parking lot
On the morning of January 21, 1998, the plaintiff was taking her son to St Columbkilles School in Brighton. As was their custom, she and her son took a bus to Winship Street in Brighton Center and then began to walk across the defendants parking lot There had been some snow on the property prior to January 21st but it had not snowed that morning. The defendant had contracted for snow removal and de-icing, which had been performed on January 17th, 18th and 19th. Temperatures had fluctuated above and below freezing on the days before January 21st with the result that some plowed snow had melted and frozen. As the plaintiff crossed the parking lot between 7:20 and 8:00 AM., she slipped and fell on a thin, transparent coating of ice on the pavement The ice was not visible unless one looked closely at it Some feet away from the spot where the plaintiff fell was a storm drain covered by 6 to 8 inches of snow. A picture taken a few days after the incident shows the drain clogged with leaves or the like with visible ice on it
1. The plaintiff claims that this evidence is sufficient to show a breach of a duty of due care owed to her by the defendant However, “in this climate... a number of conditions might exist which within a very short time could cause the formation of ice... without fault of the owner and without reasonable opportunity on his part to remove it or warn against it or even to ascertain its presence.” Aylward v. McCloskey, 412 Mass. 77, 80-81 (1992). Nothing in the record connects the thin, transparent ice to the condition of the drain. The plaintiffs claim is on even thinner ice. A *3 duty of due care is not violated by a failure to remove a natural accumulation of ice. Sullivan v. Brookline, 416 Mass. 825, 827 (1994). See also Barry v. Beverly Enterprises-Mass., Inc., 418 Mass. 590, 594 (1994). More significantly, the defendant owed no such duty to the plaintiff
2. There were sidewalks on which the plaintiff could have walked to the school. The parking lot was a “short cut” which the plaintiff had used previously and had seen others use. The plaintiff had never done any business with the defendant The plaintiff was not either on January 21st or on any of her previous entrances on the defendant’s parking lot, on the premises as a business invitee or licensee. She was a trespasser.
In Schofield v. Merrill, 386 Mass. 244 (1982), the Supreme Judicial Court considered whether it should modify the rule in Massachusetts governing the duty of a landowner to an adult trespasser. The Court described that duty:
The traditional rule in this Commonwealth is that a trespasser is entitled to no greater duty of care from one with a right of control over land (typically the landowner) than that he refrain from wilful, wanton or reckless disregard for the trespasser’s safety.
Id. at 245-246.[1] The Court noted that it had made such changes as abolishing the distinction between types of invitees, but declined to extend the duty of due care to the claims of trespassers. Moreover, the Court specifically declined to modify the rule to make an exception to the rule for “foreseeable” adtdt trespassers. Id. at 248-249.
Summary judgment for the defendant is affirmed. Appeal dismissed.
So ordered.

 Compare Mathis v. Massachusetts Elec. Co., 409 Mass. 256, 260-263 (1991), discussing statutory duty of care owed to certain foreseeable child trespassers pursuant to G.L.c. 231, §85Q.