Murphy, J.
The plaintiff, Eric J. Kallio (“Kallio”), brought this action against defendant, Fitchburg State College (“College”) for damages suffered when Kallio fell in an icy parking lot owned and maintained by the College. The matter is before the court on the College’s motion for summary judgment on all the claims asserted by Kallio. For the reasons detailed below, the College’s motion for summary judgment is ALLOWED.
BACKGROUND
In January 1998 Kallio was enrolled at the College for his junior year of study. Kallio commuted to classes four days a week and was permitted to park his car in the Upper Weston parking lot (“lot”) on North Street. A winter storm began Friday, January 23, 1998 and continued to dump snow and rain on the area until sometime the following day. The College plowed and sanded the lot on January 25, 1998. However, freezing overnight temperatures led to slippery conditions on the morning of Monday, January 26. There is evidence that some frozen and/or snow-covered parts of the lot conformed to vehicle tire treads. The College started sanding its roads, walkways and parking lots in response to this hazard at 6:00 a.m. that morning.
Kallio arrived at the College at 8:00 a.m. on January 26. He pulled his car into a space in the lot and started to go to his first scheduled class. Kallio walked slowly because the lot was icy. Nonetheless, there were times Kallio slid on the ice as he went along. A short distance from his car, Kallio noted a car backing out of its parking space and moved to avoid it. Kallio slipped and fell while avoiding this car and fractured his left ankle.
DISCUSSION
“The purpose of a summary judgment motion is to decide cases where there are no issues of material fact without the needless expense and delay of a trial followed by a directed verdict.” Correllas v. Viveiros, 410 Mass. 314, 316 (1991). A grant of summaiy judgment is inap *651 propriate when there are outstanding issues of material fact. See Breuing v. Callahan, 50 Mass.App.Ct. 359, 363 (2000). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further], that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “A complete failure of proof concerning an essential element of the nonmoving party’s case renders all other facts immaterial and mandates the award of summary judgment.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
The snow and icy conditions endemic to Massachusetts winters create special hazards. While landowners have some duty to provide for the safety of their visitors, it is necessary for the people who walk through snow and ice to take additional precautions as well. These axioms combine to form the principle that ”[a]s a general rule there is no duty by a landowner to remove a natural accumulation of snow or ice.” Anderson v. Fox Hill Village Homeowner’s Corp., 424 Mass 365, 367 (1997). Property owners’ liability may arise when “some act or failure to act may change the condition of naturally accumulated snow and ice, and the elements alone or in connection with the land become a hazard to lawful visitors.” Sullivan v. Town of Brookline, 416 Mass. 825, 827 (1994). Landowner actions or inactions that transform naturally accumulating snow and ice lead to what are termed "unnatural accumulations.” Generally, a property owner is only liable for damages caused by these unnatural accumulations. When a landowner plows away some of the ice and snow, the layer underneath the plowed portion remains a natural accumulation. Id. at 827-28. However, activity on the property that causes frozen or encrusted rutting may be considered an unnatural accumulation of ice or snow sufficient to find that the property owner breached his duty of care to lawful visitors. See Delano v. Garrettson-Ellis Lumber Co., 361 Mass. 500, 501 (1972); Phipps v. Aptucxet Post #5988 V.F.W. Bldg. Ass’n., Inc., 7 Mass.App.Ct. 928, 929 (1979). However, merely finding that the College was negligent is not enough to preclude summary judgment. “Negligence is without legal consequence unless it is a contributing cause of the injury.” Stamas v. Fanning, 345 Mass. 73, 75 (1962). Therefore, besides evidence that the College breached its duty of care, Kallio must present evidence that this particular breach caused his injuries. Kallio cannot prove an essential element of his claim without such evidence.
The evidence on this record, even when taken in the light most favorable to Kallio, does not disclose that he fell on an unnatural accumulation of ice or snow. The record shows that rain fell during and after the time the College plowed the lot. This produced water that froze over night. The ice that resulted was itself a natural accumulation. To the extent that the rain froze over some unplowed snow, that was another natural accumulation or, more precisely, two layers of natural accumulation. Aside from the natural accumulations, there is evidence that there were two types of unnatural accumulations of snow and ice on the lot. The first type was located in those areas where the College deposited the snow it plowed earlier. The second type was those rutted areas of frozen snow or slush. It is clear that Kallio did not fall in one of those areas where the College left the plowed snow. The undisputed evidence is that Kallio had moved into the plowed “passageways” that were the clearest part of the lot when he fell. Thus, Kallio was not near the first type of icy deposit when he fell.
The second type of unnatural accumulation may well have existed near Kallio’s fall. However, he must do more than simply state that they were there, he must allege and present evidence that these rutted tracks caused his fall. Kallio’s factual statement claims only that he slipped and fell on an icy area of “packed down” snow. The deposition testimony provided does not go even that far, alleging only that he recalls slipping on a relatively thick piece of ice. There is no credible evidence that this icy area resulted from vehicular traffic or anything other than the natural action of rain soaking a snowy area and then freezing. Kallio does not allege he fell over a protruding rut or stepped into the bottom of such a rut. He does not say that the ice he slipped on showed wheel or tire marks that suggested the means by which the snow was packed down. He may speculate that this is the case, but his speculation is not evidence. That not every bit of the lot’s surface was free of unnatural accumulations of ice will not suffice to carry Kallio to trial. He must present evidence that these unnatural accumulations caused his fall. Since he has failed to present evidence in this regard, the College has carried its burden under Kourouvacilis to demonstrate that Kallio will be unable to prove an essential element of his claim. Therefore, summary judgment may enter for the College.
Kallio further argues that the College may be held liable for failure to keep its premises reasonably safe or warn those using those premises of the danger. However, the College labored under no duty to do anything about natural accumulations of ice or snow. Additionally, this is not one of those cases where the duty evolved from a passage of time since the freezing conditions that engendered the hazard were noted only two hours before Kallio’s fall. Massachusetts case law regarding snow and ice revolves around the recognition that the weather can change at any moment and that hazardous conditions can spring up at very inconvenient times. The undisputed evidence on this record is that the College was treating the icy conditions. It may not have treated the lot at a convenient time for Kallio, but it was not ignoring the matter. Additionally, there is no reason to think that warnings would have helped Kallio at all since he was clearly well aware of how slippery the lot was when he fell.
*652 ORDER
For the foregoing reasons, defendant Fitchburg State College’s motion for summary judgment is ALLOWED.