LoConto EJ.
The plaintiff commenced this Expedited Appeal in accordance with Rule 8A of the District/Municipal Courts Rules for Appellate Division Appeal. She tests the correctness of the trial judge’s allowance of the defendants Motion for Summary Judgment A summary of the undisputed tacts are as follows. The plaintiff pro se at file time she filed an amended complaint on August 23,1998, alleged that she fell and sustained injuries on February 22,1995, as a result of the defendants negligence in failing to keep its property safe. At the time of this allegation, the plaintiff was a student attending classes at the college. She claimed that she slipped and fell on an accumulation of ice while descending a set of stairs adjacent to a building exit On February 23,2000, the defendant filed a Motion for Summary Judgment requesting a judgment in its favor because there was no evidence suggesting (a) that it did anything to cause the ice to form on the steps, (b) that a property defect caused the ice to form, or (c) that the accumulation was in any way unnatural. The plaintiffs opposition, filed March 22,2000, argues that summary judgment is inappropriate because (1) she has not completed discovery, (2) there is a factual issue whether the accumulation was natural or unnatural, and (3) regardless of whether the accumulation was natural or *216 unnatural, the law imposes a legal duty to remove ice that the owner knew or should have known had formed in a dangerous location. The plaintiff filed an affidavit in support of her opposition for summary judgment in the defendants favor. It is the sufficiency of her affidavit that controls the discussion of this case.
The trial judge prepared a Memorandum of Decision and an Order of Judgment In her appeal, the plaintiff claims that the trial judge erred when he relied only upon the plaintiffs “pleadings” to decide the motion. That is, that he limited the sufficiency of her opposition to the amended complaint We are confident from his reference to “pleadings in die case in the form of answers to interrogatories” that the trial judge considered all the supporting and opposing material that was properly placed before him to decide the matter. In any event, appellate review of the granting or denying of a summary judgment motion involves the same standard employed initially by the trial judge. Marlyn Corp. v. Charter Oak Fire Ins. Co., 1999 Mass. App. Div. 62. Therefore, we must also draw inferences from all the material submitted in the light most favorable to the party resisting the motion, and if we affirm a motion for summary judgment, we may rely on grounds different from those relied upon by the trial judge. Vaughan v. Eastern Edison Co., 48 Mass. App. Ct. 225 (1999), citing Hawthorne’s, Inc. v. Warrenton Realty, Inc., 414 Mass. 200 n.6 (1993).
Summary Judgment is a “device to make possible the prompt disposition of controversies on their merits without trial, if in essence there is no real dispute as to the salient feds or if only a question of law is involved.” Cassesso v. Commissioner of Corrections, 390 Mass. 419 (1983). “Broadly speaking, summary judgment benefits two classes of litigar tion: (1) Cases in which the procedure isolates a dispositive question of law, and (2) Cases in which the motion for summary judgment forces a party to support his allegar tions with sworn evidence, thus unmasking any spedous claim or defense.” J.W. SviriH & H.B. Zobel, Rules Practice §56.2, at349 (1977 & Supp. 2001). The rule requires that when a motion is property made and supported as required, the adverse party cannot rest upon the “mere allegations or denials of his pleadings, buthis response, by affidavits or as otherwise provided in this rule, must set forth specific feds showing that there is a genuine issue for trial” Mass. R Civ. E, Rule 56(e).
The defendant moved for summary judgment on the grounds that the plaintiff fell on a natural accumulation of ice and therefore, there is no liability. In Aylward v. McCloskey, 412 Mass. 77 (1992), summary judgment was appropriately granted to the defendant where the plaintiff slipped and fell on snow and ice that had not been removed from the defendant’s driveway. The court stated that Massachusetts law “does not regard the natural accumulation of snow and ice as an actionable property defect, if it regards such weather condition as a defect at aü.” Aylward v. McCloskey, at 79. In Sullivan v. Town of Brookline, 416 Mass. 825 (1994), the plaintiff fell and sustained injuries on an icy ramp outside the town’s health center. The jury could have found that town employees, after having shoveled snow, left the ramp in an icy condition. The Supreme Judicial Court, upon the defendants request for further appellate review, however, reversed the trial judge’s denial of a motion for a judgment notwithstanding the jury’s verdict in the plaintiff’s favor. It stated that “[a]t most, the plaintiffs evidence tended to show that the shoveling of the ramp by the town’s employees exposed ice that was already there. There was also no evidence that the employees’ shoveling altered the condition of the ice on the ramp.” Sullivan v. Town of Brookline, at 827-828. As such, there is no liability when an individual slips on an accumulation of naturally accumulating snow or ice remaining after the property owner removes some of the snow and ice. Sullivan v. Town of Brookline at 829. It is well settled that the duty of reasonable care does not make property owners insurers of their property, “nor does it impose unreasonable maintenance burdens.” Mounsey v. Ellard, 363 Mass. 693, 709 (1973). However, the law does impose liability where some failure to act has altered a natural accumulation of snow or ice. In a footnote in Aylward, the court stated, “we do not suggest that an accumulation of snow and ice on one’s property can *217 never be a hazardous or defective condition which the owner or occupier has a legal responsibility to remedy. To be sure, in circumstances where some act or Mure to act has changed the condition of naturally accumulated snow and ice, and the elements alone or in connection with the land become a hazard to lawful visitors, then a defect may exist, creating liability in the owner or occupier.” Aylward at 80 n.3.
The plaintiffs affidavit “must set forth specific tacts showing that there is a genuine issue for trial.” Mass. R Civ. E, Rule 56(e). “Bare assertions and conclusions... are not enough to withstand awell pleaded motion for summary judgment” Polaroid Corporation v. Rollins Environmental Services, Inc., 416 Mass. 684 (1993). The plaintiffs affidavit in fliis case Ms short of her obligation. The affidavit expresses a belief that “water pooled and froze on the stairs because of the condition of the stairs or some other condition such as the shrubs, the building or the overhang.” (Emphasis Supplied). She goes on to suggest that she is not an expert, but expects to retain such services to help determine the cause of the pooling. She additionally states that she believes “she fell on ice that had been on file stairs for a considerable amount of time,” but provides no evidence to support the feet that the defendant knew or should have known of the existence of this icy condition before she allegedly fell (Emphasis Supplied). Her affidavit, filed almost six years after the incident, is lacking in sufficiency if it promises only, at most, to provide some evidence at trial that would support a finding in her fevor. It is not enough to overcome the defendanfs well pleaded motion of summary judgment that after the passage of considerable time the plaintiff can only speculate on the theory of liability. Summary judgment was properly entered in the defendanfs fevor. Therefore, we order the Clerk/Magistrate to enter an order dismissing the appeal.