Carhart, Judd J., J.
*158 Introduction
Jaime Clark (Clark) commenced this action on March 9, 2007, alleging that The Community Builders, Inc. (Builders) and TCB Leyden Woods, LP (Leyden Woods), negligently failed to discover and remove ice on which she slipped, fell, and broke her ankle. Builders and Leyden Woods now move for summary judgment, or, in the alternative, for partial summary judgment limiting damages against Builders, as it is a charitable organization under G.L.c. 231, §85K. After a hearing, the motion for summary judgment is allowed. The relevant and undisputed facts are set forth below, with other details reserved for discussion of the issues raised.
Facts
In 2005, Clark resided in an apartment complex owned by Leyden Woods. Pursuant to a Management Agreement, Builders is responsible for managing and maintaining the complex, which includes snow removal. At 5:30 p.m. on January 31, 2005, Clark was walking on the sidewalk from her apartment to her neighbor’s when she slipped and fell on a patch of ice, breaking her ankle. There had been a severe winter storm five or six days earlier, and the sidewalk had been partially cleared but not sanded or salted. There was no precipitation on the day Clark fell, but the weather was damp and the ground was wet and muddy. Clark did not remember seeing ice on the ground before she fell.
Discussion
Summary judgment is appropriate where a party shows, through documentary evidence, “that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.” Mass.R.Civ.P. 56(c). The court, considering the evidence in the light most favorable to the plaintiff, must decide “whether upon any reasonable view of the evidence, there is a combination of facts from which a rational inference may be drawn in the plaintiffs favor.” Sullivan v. Town of Brookline, 416 Mass. 825, 826 (1994). Where the moving party does not have the burden of proving an essential element at trial, it can show its entitlement to summary judgment “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
While Massachusetts property owners owe a reasonable duty of care to those on their property, they are not liable for injuries caused by naturally accumulating snow and ice. Aylward v. McClosky, 412 Mass. 77 (1992). They are similarly not liable for injuries caused where some of the snow or ice has been removed, “because the snow or ice remains as a natural accumulation.” Sullivan, 416 Mass. at 827-28. In Sullivan, the plaintiff slipped and fell on an icy health center entrance ramp. After it had snowed, town employees had shoveled, but not sanded or salted, the ramp. The plaintiff alleged that the employees negligently shoveled the ramp, exposed underlying ice, and failed to remove the ice. The Supreme Judicial Court overturned a jury verdict for the plaintiff, noting that his argument “merely that the employees’ shoveling may have been incomplete, not that it left any ice that did not come there naturally,” was insufficient as a matter of law. Id. at 830, n.2. Because “there was no evidence that the shoveling [sic] had created the ice on the ramp,” or that it had “altered the condition of the ice on the ramp,” the town was not liable. Id. at 827-28 (emphasis in original).
The facts in this case mirror those in Sullivan. Clark alleges that following the snow storm, the sidewalk was negligently cleared, resulting in the ice on which she fell. However, Clark submits no evidence that Builders’ employees created the ice or altered the condition of the sidewalk such that the ice was of unnatural origin. Indeed, Clark’s own testimony that there had been a severe storm five to six days before her fall, that the weather was cold and damp on January 31, 2005, and that the ground was wet and muddy, supports an inference that the wet snow re-froze when the temperature dropped.
To support their motion for summary judgment, Leyden Woods and Builders submit a Building Code Report by Richard A. Sampson, whom Clark would call as an expert witness. The report, based on observations made more than three years after the incident, concludes that the sidewalk “has a cross-slope which results in the sidewalk sloping towards the parking lot,” and which “greatly increases the chance of slipping in snow and ice conditions.” Asserting that the sidewalk is “in violation of the Massachusetts State Building Code,” the report offers no details about what the State Building Code requires or how the sidewalk is in violation. Furthermore, there is no effort to explain whether the “cross-slope” is the result of the natural landscape, or whether the complex was defectively designed. It is common sense that sloping sidewalks present a greater risk of slipping in winter weather. Mr. Sampson’s conclusions alone are insufficient to create a genuine issue of material fact as to whether the sloping of this sidewalk, on the evening of this incident, caused ice to accumulate unnaturally.
Conclusion
Leyden Woods and Builders have demonstrated that Clark could not prove that the ice accumulated unnaturally at trial. Since this is required to establish liability, Leyden Woods and Builders are entitled to judgment as a matter of law. This conclusion obviates the need to address Builders’ motion for partial summary judgment on the issue of damages.
Order
Accordingly, it is hereby ordered that Leyden Woods’ and Builders’ motion for summary judgment is allowed.