Curran, Dennis J., J.
INTRODUCTION
The plaintiff, Kenneth Lawrence filed this negligence action against the defendant, Legate Auto Sales, Inc. (“Legate Auto” or “Legate”), on March 31, 2006 alleging that he was injured when he fell on an unnatural accumulation of snow and ice left by Legate Auto on its premises. Legate now moves for summary judgment and argues that any accumulation of snow or ice on its premises was natural and not caused by Legate Auto. For the reasons below, Legate Auto’s motion for summaiy judgment is ALLOWED.
BACKGROUND
The court summarizes the relevant facts, which are taken from the summaiy judgment record, in the light most favorable to Lawrence, the nonmoving party. See Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982).
Lawrence went to Legate Auto, a used car and auto repair business, to drop off his wife’s car for service during a time when it was closed. While he was walking around the front of the car, he slipped and fell in the parking lot.
Lawrence did not believe that any snow had fallen on the day of the accident and denied that it was falling when he fell. He did recall a thin layer of snow in the parking lot that looked as if it had been recently plowed and “crunched” when he walked on it. He also noticed snow on top of the vehicles parked next to his wife’s car. The area where Lawrence fell was approximately twenty-five feet away from the building and also away from trees or overhangs. According to his deposition testimony, Lawrence believes that there was a thin layer of snow where he fell, and he was unsure whether there was any ice. He also testified that he does not remember if he saw any tire marks in the area where he fell.[1]
According to Dave Quinn, Legate Auto’s manager, the lot was not plowed on the day of the alleged incident. Quinn further stated that it was Legate’s practice when plowing the lot to move all of the vehicles, brush the snow off of them, and plow the spots where they had been parked before moving them back to their spots. He stated that the snow was deposited into three piles at various points along the edges of the parking lot.
DISCUSSION
Summaiy judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.R 56(c); Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The party moving for summaiy judgment has the burden of affirmatively demonstrating that there is no genuine issue of material fact. Pederson, 404 Mass. at 17. Once the moving party establishes the absence of a triable issue, the burden shifts to the non-moving party to allege specific facts that would establish a genuine issue of material fact. Id. A moving party who does not have the burden of proof at trial can show that the other party “has no reasonable expectation of proving an essential element” of its case. Kourouvacilis v. General Motors Corp., 410 Mass. 710, 716 (1991). The materials relied *209 on to defeat the motion for summary judgment must contain more than “bare assertions and conclusions regarding [certain] understandings, beliefs and assumptions.” Key Capital Corp. v. M&S Liquidating Corp., 27 Mass.App.Ct. 721, 728 (1989).
A properly owner owes a duly of reasonable care under the circumstances to someone lawfully on his property. Sullivan v. Brookline, 416 Mass. 825, 827 (1994). There is no breach of duty for failure to remove a natural accumulation of ice or snow. Id., citing Aylward v. McCloskey, 412 Mass. 77, 80 (1992). There is a duty, however, “where some act or failure to act has changed the condition of naturally accumulated snow and ice [because] then a defect may exist, creating liability.” Aylward, 412 Mass. at 80, n.3, citing Phipps v. Aptucxet Post #5988 V.F.W. Building Ass’n, Inc., 7 Mass.App.Ct. 928, 929 (1979). Even if an owner partially removes snow or ice, by plowing or shoveling, there is no liability because “what remains [is] a natural accumulation.” See Sullivan, 416 Mass. at 828.
In this case, given Lawrence’s deposition testimony, there is no evidence from which a jury could conclude that there was an unnatural accumulation of snow and ice in Legate’s parking lot. At most, Lawrence recalled walking on a thin layer of residual snow left from a plow in the middle of the parking lot, away from trees or overhangs. This case is analogous to the Sullivan case, where the Court recognized that even incomplete removal of snow or ice is not enough to hold the property owner liable. Compare Phipps, 7 Mass.App.Ct. at 929 (finding liability where owner of parking lot had observed the icy conditions in the lot and knew that frequent use of the lot caused tire marks and grooves). Because Lawrence will be unable to prove at trial that there was an unnatural accumulation, an essential element of his negligence case, Legate Auto’s motion for summary judgment must be allowed. See, e.g., Kourouvacilis, 410 Mass. at 716.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant Legate Auto’s motion for summary judgment is ALLOWED.
Judgment shall enter forthwith for the defendant Legate Auto.

In his Answers to Legate Auto’s First Set of Interrogatories, Lawrence stated that “there was a layer of remaining, hard-packed encrusted snow” and further that he “presume[d] . . . the remainder snow . . . had partially frozen, thawed, frozen, thawed, etc. [which] culminat[ed] in irregularly shaped aggregates of granular snow and ice patches.” Lawrence seemingly proffers these Answers in an attempt to create a disputed issue of material fact as to the state of Legate’s parking lot when he fell. These statements contradict his deposition testimony, and therefore, this court disregards them in considering whether there is a disputed issue of material fact. See, e.g., O'Brien v. Analog Devices, Inc., 34 Mass.App.Ct. 905, 906 (1993) (disregarding statement made by deponent in later-submitted affidavit that was vague and contradicted statements from deposition).