Tucker, Richard T., J.
This is a personal injury action arising out of a slip and fall in the driveway of a parking lot owned by the defendant Worcester Jewish Community Housing for the Elderly, Inc. (WJC). The plaintiff, Judith Sternbane (Sternbane), is a resident of WJC, and the defendant Mike Lynch Enterprises (Lynch) is the snow-plow company with which WJC contracted to plow its parking lot. The matter is now before the court on the defendants’ motions for summary judgment. For the following reasons, the motions are ALLOWED.

BACKGROUND

Sternbane is a resident of WJC. During the winter months, WJC contracts with Lynch to plow its parking lot and driveways after snow storms. After Lynch conducts what it calls a “preliminary plowing,” whereby it clears out paths for the cars to enter and exit the parking lot, WJC requires its residents to remove their cars from the lot so that Lynch can plow the parking spaces also.
There was a snowstorm in Worcester on New Year’s Day, 2008. On January 2, 2008, Sternbane received a notice from WJC that she had to move her car so that Lynch could finish plowing the parking lot. The parking lot has two exits. One leads to South Flagg Street, the other to Chandler Street. When Sternbane got into her car, she could see that the travel lanes and exits had already been cleared. She drove toward the South Flagg Street exit, but noticed that another car had gotten stuck there and several people were rendering assistance. With that way blocked, she proceeded toward the Chandler Street exit.
The Chandler Street exit is on a roughly thirty to thirty-five degree upward incline, and turns to the left before reaching the top. As Sternbane drove up the driveway, slowing as she made the turn, her car started to skid, lost traction, and slid backwards into a snowdrift. Unable to drive her car out of the snowbank, Sternbane decided to exit the car and go back to the apartment complex for help. She took a few steps down the incline before slipping and falling squarely on her right shoulder. Fearful of another fall, she crawled down to the base of the driveway, then got back up and went back to the apartments. The fall damaged her rotator cuff, an injury for which she has required surgery. She has recovered her full range of motion since the surgery, but cannot engage in all the activities she once did because of residual pain in her shoulder.
Sternbane testified in her deposition that the area where she fell had been plowed. However, she could not recall seeing any tire tracks, footprints, or packed snow in the area. She testified that the only thing she noticed about the area was that it was white and had snow on it.

DISCUSSION Standard, of Review

Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Corrections, 380 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc. 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, 404 Mass. at 17. “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).

*402
Analysis

“The duty owed by a property owner to someone lawfully on the owner’s premises is one of reasonable care in the circumstances.” Sullivan v. Brookline, 416 Mass. 825, 827 (1994), citing Mounsey v. Ellard, 363 Mass. 693, 707-08 (1973). While a property owner has no duty to remove a natural accumulation of snow or ice on its property, a duty may arise “in circumstances where some act or failure to act has changed the condition of naturally accumulated snow or ice ...” Aylward v. McCloskey, 412 Mass. 77, 80 n.3 (1992). However, a duty does not arise merely because the landowner takes some action, such as “when a property owner removes a portion of an accumulation of snow or ice and a person is injured by slipping and falling on the remainder [which] remains as a natural accumulation.” Sullivan, 416 Mass. at 828. For a duty to arise, the property owner’s actions must have changed the character of the accumulated snow and ice. See Barrasso v. Hillview West Condominium Trust, 74 Mass.App.Ct. 135 (2009) (where landscaper’s actions in plowing the snow had created a dense, waist-high snow bank around the condominium’s dumpster, and plaintiff fell and was injured while trying to dispose of garbage, there was a genuine issue of fact whether the accumulation was “unnatural”).
Regardless of the nature of the accumulation, a property owner has no duty to protect lawful visitors from dangers that are “open and obvious.” O’Sullivan v. Shaw, 431 Mass. 201, 204 (2004). However, this court is persuaded by Sternbane’s argument that the “open and obvious” doctrine should not apply to a situation, like the present one, where the plaintiff is forced to encounter a dangerous condition, however open and obvious, because of action taken by the defendant. See Barrasso, 74 Mass.App.Ct. at 140 (Kantrowitz, J., concurring) (citing Restatement (Second) of Torts, §343A, comment (f) (1965)).
Nevertheless, the defendants are entitled to summary judgment because there is simply no evidence that Lynch’s plowing transformed a natural accumulation in the driveway into an unnatural accumulation. Sternbane testified in her deposition that she saw no tire tracks, footprints, or packed snow on the ground near her fall. The facts of this case more closely resemble those of Sullivan (where the defendants scraped off a layer of snow to reveal a preexisting and dangerous, but nevertheless natural, accumulation of ice), rather than those of Barrasso (where the defendant’s plowing actually created a hazardous snow bank around the condominium dumpster).[3]

ORDER

For the foregoing reasons, the defendants’ motions for summary judgment are ALLOWED.

An examination of the case law regarding slips and falls on ice and snow reveals that the key distinction between “natural” and “unnatural” accumulation is not the presence or absence of human action, but rather the type of action. Cases finding an “unnatural accumulation” typically involve neglect on the part of the landowner with respect to a known, longstanding accumulation of snow on her property, combined with subsequent human action such as driving or walking that transforms the naturally accumulated snow into an icy surface that is harder, more uneven, and more treacherous than before. See Sullivan, 416 Mass. at 828 n.2, para.2.
On the other hand, Massachusetts’ courts have found human action did not change the “natural” character of snow and ice where the action involved shoveling or spreading salt. This is true even when that action creates a situation that is arguably more dangerous. See Goulart v. Canton Housing Authority, 57 Mass.App.Ct. 440, 443(2003) (no liability where a landowner had applied calcium chloride to an accumulation of ice on the stairs leading to its building, even though the calcium chloride had actually melted part of the ice, and the plaintiff had slipped on the wet ice). The distinction between “natural” and “unnatural” accumulations owes less to the difference in the dictionary definitions of those terms than it does to the public policy rationale which supports it: “[t]he general assumption is that the industry displayed by citizens removing snow after a snowfall is desirable, if not necessary.” Goulart, 57 Mass.App.Ct. at 444.