Quinlan, Regina L., J.
In this action, the plaintiff Bradford Eastman seeks to recover for injuries sustained on September 29,2006 when he fell on property owned by the defendant Village Court, LLC. The defendant Village Court, LLC has moved for summary judgment pursuant to Mass.R.Civ.P. 56 on the grounds that it did not owe the plaintiff a duty of care as a matter of law. The plaintiff opposes the motion.
BACKGROUND
Based upon the record, while employed for DWB Custom Interior Trim, Inc., on September 29,2006 the plaintiff fell. At the time, the plaintiff had been doing carpentry finish work in a unit at the Center Place Condominiums located on the defendant Village Court, LLC’s property. Inside the unit, there were temporary stairs between the first and second floor and between the basement and the first floor. There were no temporary stairs to enter the unit through the front door or from the garage.
At approximately 4:30 pm, the plaintiff proceeded to leave the unit through the garage. Since there were no stairs, he stepped on a plastic drywall bucket which had been used to enter and leave the unit through the garage. The plaintiff asserts that as he stepped on the bucket, it slipped. He fell. He was seriously injured.
DISCUSSION
“ ‘Summary judgment is appropriate where there is no genuine issue of material fact and, where viewing the evidence in the light most favorable to the nonmov-ing party, the moving party is entitled to judgment as a matter of law.’ O’Sullivan v. Shaw, 431 Mass. 201, 203 (2000), citing Mass.R.Civ.P. 56(c)), 365 Mass. 824 (1974), and Lyon v. Morphew, 424 Mass. 828, 831 (1997). ‘[A] party moving for summary judgment in a case in which the opposing party [has] the burden of proof at trial is entitled to summary judgment if [it] demonstrates, by reference to material described in Mass.R.Civ.P. 56(c)), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.’ Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). ‘A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial.’ Id. at 711, citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).” Boston Water & Sewer Com’n v. Automatic Switch Co., 76 Mass.App.Ct. 1116 (2010).
The defendant landowner maintains that the plaintiff cannot prove an essential element of his negligence claim, i.e. that the defendant owed the plaintiff a duty of care. The defendant asserts that it had no duty because the danger of using a plastic bucket as a stair was open and obvious. The plaintiff opposes the motion noting at the outset that he is not claiming the defendant breached its duty of care by failing to warn the plaintiff. The defendant’s duty, according to the plaintiff, was breached in allowing the dangerous condition of which it knew or reasonably should have known to exist.
“A property owner ‘owes a common-law duty of reasonable care to all persons lawfully on the premises.’ O’Sullivan v. Shaw, 431 Mass. 201, 204 (2000). This duty includes an obligation to ”maintain[ ] his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk." ’ Ibid., quoting from Mounsey v. Ellard, 363 Mass. 693, 708 (1973). A property owner’s duty to maintain his property in a reasonably safe condition extends to remedying hazards . . . See, e.g., Sullivan v. Brookline, 416 Mass. 825, 827 (1994)." Soederberg v. Concord Greene Condominium Ass’n, 76 Mass.App.Ct. 333, 336-37 (2010).
Although Soederberg involved ice accumulations, the principle of a duty to remedy the hazard is applicable to this case. Assuming that use of the plastic bucket posed an open and obvious danger, whether the defendant allowed that hazardous condition to exist is a question of material fact precluding summary judgment.
ORDER
Based upon the foregoing, the Defendant Village Court, LLC’s Motion for Summary Judgment is DENIED.